IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

Jerald R. Cureton, Esquire (JRC4244)
Anthony L. Marchetti, Jr., Esquire (ALM4302)
CURETON CLARK, P.C.
3000 MIDLANTIC DRIVE, SUITE 200
MOUNT LAUREL, NJ 08075
(856) 824-1001 – FAX: (856) 824-1008
Attorneys for Plaintiffs

| | |
|---|---|
| SAM HARGROVE, ANDRE HALL, MARCO EUSEBIO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SLEEPY'S LLC,<br><br>Defendant. | Civil Action No.:<br><br>CLASS ACTION COMPLAINT AND JURY DEMAND |

Plaintiffs, on their own behalf and on behalf of all others similarly situated, state and allege to the best of their knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the following:

## INTRODUCTION: NATURE OF THIS ACTION

1. This is a lawsuit brought by current and former home delivery drivers who work for Sleepy's, LLC ("Sleepy's") a New York based bedding sales and delivery company, that has terminals and actively does business in the States of New Jersey, New York, Massachusetts, Maryland and Connecticut.

2. Sleepy's delivers its products to customers' homes as a core element of its business.

3. As a condition of engagement/employment, Sleepy's requires its delivery drivers to sign a contract, titled "Independent Driver Agreement" ("IDA") that purports to set forth the drivers' and the company's respective rights and obligations.

4. The critical feature of the agreement is its misclassification of the drivers as "independent contractors." Pursuant to that classification, Sleepy's requires that the drivers personally buy or lease delivery vehicles, pay for maintenance, fuel and liability insurance and absorb other costs of Sleepy's operations normally paid by employers.

5. In addition, based on that misclassification, Sleepy's does not provide unemployment or workers' compensation insurance or other state-mandated employee benefits, nor does it make Federal Insurance Compensation Act (FICA) contributions or provide any of the ERISA benefits - notably health insurance and 401k pension - that it makes available to its acknowledged employees.

6. Despite the classification of the drivers as "independent" contractors, Sleepy's retains control and actually controls the manner and means of every material aspect of its drivers' work obligations. Accordingly, notwithstanding the contract classification, Sleepy's drivers are employees under state and federal law, and are entitled to the same protection and benefits as all of its other employees.

7. This lawsuit, brought on behalf of the above named Plaintiffs and all others similarly situated, seeks a determination that Sleepy's drivers are, in fact employees, entitled to the same range of protections and benefits as all other employees. Plaintiffs assert common law claims, state law claims, and federal claims. Federal claims are asserted under ERISA and FMLA statues.

### Jurisdiction and Venue

8.  This Court has jurisdiction under both 28 U.S.C. § 1331 (based on the Plaintiffs' ERISA and FMLA allegations) and 28 U.S.C. § 1332(d)(2) (in that the matter in controversy exceeds $5 million exclusive of interest and costs and this is a Class action in which members of the Class reside in states that are different than the state in which the Defendant resides).

9.  Venue is appropriate in this district in that the Defendant has active operations and a terminal here, many of the events that give rise to this lawsuit occurred here, and this is the most convenient forum.

### Parties

10. Plaintiff, Sam Hargrove, resides in Willingboro, Burlington County, New Jersey. Hargrove worked as a Sleepy's driver during 2008.

11. Plaintiff, Andre Hall, resides in Pennsauken, Camden County, New Jersey. Hall worked as a Sleepy's driver from 2005 until 2008.

12. Plaintiff, Marco Eusebio, resides in Fairview, Bergen County, New Jersey. Eusebio worked as a Sleepy's driver from June 2003 until September 2009.

13. Defendant Sleepy's, LLC is a Delaware corporation whose operations are within this judicial district at Cranbury, Middlesex County, New Jersey.

## Facts Common to All Counts

14. The named Plaintiffs are three of over 300 drivers throughout the Mid-Atlantic region employed by Sleepy's. All of these drivers are required, as a condition of <u>employment</u>, to sign the IDA, an example of which is attached to this Complaint as Exhibit "A".

15. The contract asserts that the drivers work for Sleepy's as an independent contractors.

16. Pursuant to the IDA, which purportedly characterizes the drivers as independent contractors, Sleepy's requires that the drivers buy or lease their own vehicles and further requires that they pay for their own fuel, insurance and maintenance. Sleepy's does not contribute to the drivers' Social Security payments, does not offer health or retirement benefits that it otherwise makes available to its other acknowledged employees and does not withhold any monies to pay for the drivers' taxes.

17. The drivers are supposed to be paid a contract, flat rate per delivery zone, although Sleepy's as a regular practice breaches this provision by requiring travel in more than one zone, but Sleepy's only pays for one zone.

18. Notwithstanding the contract's characterization, the drivers exercise virtually no independent control over their own work life and therefore they are employees and should be properly classified as such.

19. For example, the drivers do not work for Sleepy's "from time to time," on a non-exclusive basis, as paragraph two of the contract reads. They work full-time for Sleepy's, are

required to wear Sleepy's uniforms, adhere to Sleepy's grooming standards and required to display Sleepy's advertising on their vehicle upon Sleepy's request.

20. The Sleepy's drivers are not involved in the negotiation and/or arrangement between Sleepy's and its customers over pick up, delivery times, and other requirements. Sleepy's makes all the arrangements and then dispatches its drivers once the arrangements are complete. As a practical matter, Sleepy's drivers are not able to deliver for other companies, as they are not permitted to transport for any other company, until all work that Sleepy's assigns is complete.

21. The drivers are required to keep cell phones, Sleepy's scanners and a GPS with them at all times so that Sleepy's can contact them on the road to make changes to their pickup and delivery schedule.

22. There is no independent entrepreneurial opportunity for the drivers and no business to grow. The drivers have no proprietary interests; therefore, the drivers do not own a route and their income is totally dependent upon their delivery schedule that is completely controlled by Sleepy's.

23. Sleepy's maintains a set of mandatory requirement to which all of its drivers must adhere. If the drivers fail to follow the multitude of rules, regulations and policies, Sleepy's threatens to discipline or actually disciplines the drivers, including termination at will.

24. The drivers' exercise no independent business judgment in the performance of their jobs, nor do they have an opportunity to do so. Sleepy's retains for itself the right to control and actually controls the methods, manner and means of which the drivers work.

25. Sleepy's knows that it had improperly misclassified its drivers as independent contractors when they had every characteristic of common law employees, and yet Sleepy's persists in misclassifying its drivers.

26. The incorrect characterization of the drivers as independent contractors is not a benign mistake. It costs all of the Sleepy's drivers, including the named Plaintiffs, in at least the following ways, but not by way of limitation:

- Sleepy's does not consider the drivers eligible to participate in its retirement and health insurance benefits packages;
- The drivers are not paid for their hours required on the job;
- The drivers are not paid for their overtime work;
- The drivers are required to pay their own workers' compensation insurance; and
- Sleepy's does not pay unemployment insurance, does not make Federal Insurance Compensation Action contributions and does not provide meal, break and rest periods for the drivers.
- Drivers are required to purchase or lease vehicles and maintain them at their own expense.

### Class Allegations

27. Plaintiffs bring this lawsuit on their own behalf and on behalf of the following described Class:

> Each person who, at any time between six years preceding the commencement of this lawsuit and the date on which a Class is certified, contracted as a driver for Sleepy's and was classified by Sleepy's as an independent contractor.

28. The Class numbers well into the hundreds and accordingly joinder of its members is impracticable. Nevertheless, the Class is not so large to make administration of this lawsuit impracticable. Sleepy's has all the records necessary to identify all Class members and to calculate their recoveries.

29. The named Plaintiffs are members of the Class and share with the Class common questions of law and fact, including whether Sleepy's has correctly classified its drivers as independent contractors; whether Sleepy's breaches the standardized Sleepy's contract; whether the drivers - as common law employees - are eligible to participate in Sleepy's health and pensions plans; whether Sleepy's and the drivers made a mutual mistake in executing a contract that classified the drivers as independent contractors, among others.

30. The claims of the named Plaintiffs are typical and representative of the claims of the Class they seek to represent. The named Plaintiffs have suffered the same type of financial losses as other Class members.

31. Plaintiffs will fairly and adequately represent the Class. There are no conflicts that compromise their ability to represent the Class and they have retained experienced lawyers who are well versed in independent contractor/employee issues and Class action litigation.

32. Plaintiffs, on behalf of the Class, seek predominantly injunctive relief-namely the correct characterization of the drivers – and accordingly certification under Fed. R. Civ. P. 23(b)(2) is appropriate.

33. Common questions predominate in this dispute and a Class action is the superior way to resolve this dispute.

## Legal Claims
### Count 1 – Breach of Contract

34. Plaintiffs restate the above allegations as if fully set forth herein at length.

35. Plaintiffs and the Class members of the Class were/are required to execute standardized, boilerplate contracts with Sleepy's that incorrectly assert that the drivers are

independent contractors. It is not possible to fulfill the duties of the standard contracts and actually maintain independent contractor status.

36. Sleepy's is responsible for establishing and maintaining the various contractual and extra-contractual controls that destroy the independent contractor status of the drivers and convert them into common law employees.

37. Under the contract, Sleepy's retains the right to control the drivers' methods, manner, and means of performance. Sleepy's actually exercises that control based upon standardized rules and procedures.

38. Sleepy's actions in converting its drivers to common law employees, constitutes a material breach of contract with its drivers, causing Plaintiffs and the members of the Class to suffer damages.

### Count 2 – Breach of Contract

39. Plaintiffs restate the above allegations as if fully set forth herein at length.

40. This claim is asserted without regard to the characterization of the drivers as independent contractors.

41. Under Sleepy's contract, which is uniform in all material respects among the Plaintiffs and Class members, Sleepy's is required to pay the drivers a set amount per delivery zone.

42. Sleepy's arbitrarily and in violation of the agreement, does not base the drivers' payment on each delivery zone which results in systematic underpayment to the drivers in breach of contract.

43. Sleepy's has therefore breached its agreement with the drivers, causing damages.

### Count 3 – Mistake

44. Plaintiffs restate the above allegations as if fully set forth herein at length.

45. While Plaintiffs assert that Defendant knew of the misclassification, even if it does not intentionally misclassify the drivers, its actions are actionable.

46. At the outset, even if neither party intended the drivers to be common law employees of Sleepy's, because of the level of control retained and imposed by Sleepy's, the drivers are actually employees and not independent contractors.

47. Accordingly, the contract should be reformed to reflect the fact that the drivers are employees of Sleepy's and entitled to be treated in all respects like all other Sleepy's employees. This reformation should include the requirement that the drivers be entitled to participate in Sleepy's health and pension plans, and further that Sleepy's should be required to cover those Sleepy's business expenses that the drivers have been forced to cover, including, but not limited to the purchase of trucks.

### Count 4 – Rescission of Operating Agreement

48. Plaintiffs hereby incorporate by reference paragraphs 1 through 45 of this Complaint as if fully set forth herein.

49. Despite the express terms of the IDA, Plaintiffs' relationship with Sleepy's satisfies every aspect of the test for employment, and not for independent contractor status, as set forth in the preceding allegations. Specifically, Sleepy's maintains to itself the right to control and actually controls the methods, manner and means of Plaintiffs' work.

50. The IDA illegally and unfairly advantages Sleepy's, by mischaracterizing the status of the Plaintiffs, in that Sleepy's evades employment related obligations, such as social security contributions, workers' compensation coverage, and state disability and unemployment

compensation, illegally shifting the expense of workers' compensation coverage and other expenses to Plaintiffs.

51. The IDA between Sleepy's and each Plaintiff and member of the Class is void as being illegal and/or against public policy and therefore unenforceable, as it fails to recognize the employment status of the Plaintiffs and the Class members, and denies Plaintiffs the benefits of employment.

52. The IDA between Sleepy's and each Plaintiff is an unconscionable contract of adhesion, which is unenforceable as contrary to public interest, policy and law.

53. The IDA illegally shifts upon Plaintiffs the burden of certain costs that an employer must pay and provides for unlawful wage deductions.

54. While acting on the direct instruction of Sleepy's and discharging their duties for Sleepy's, Plaintiffs and the Class Members incurred business expenses for, *inter alia*, the purchase or lease, maintenance, operating costs and adornment of vehicles; insurance; and uniforms. Plaintiffs and the Class Members incurred these substantial expenses as a direct result of performing their job duties.

55. By misclassifying its employees as "independent contractors," and further by contractually requiring those employees to pay Sleepy's own expenses, Sleepy's has been unjustly enriched.

56. As a direct and proximate result of Sleepy's conduct, Sleepy's has received substantial benefits to which it had no entitlement, at Plaintiffs and the Class Members' expense. This includes lost profits, self-employment taxes, premiums for insurance to replace workers compensation and disability benefits, business expenses, helpers, and other expenses.

57. Plaintiffs are entitled to compensation for all of the business expenses they were illegally and improperly required by Sleepy's to bear, for all of the employment taxes, unemployment compensation and workers compensation the Sleepy's should have, but did not pay, and Plaintiffs are entitled to the quantum meruit value of their services as employees.

**WHEREFORE**, Plaintiffs and the Class members respectfully request that the Court enter judgment in their favor and against the Defendant rescinding the IDA, awarding restitution and compensating the Plaintiffs and Class members for the reasonable value of the benefit provided to Sleepy's, along with compensatory damages, punitive damages, consequential damages, declaratory judgment and injunctive relief, costs, counsel fees, pre- and post-judgment interest, and such further relief as may be just and proper.

### Count 5 – ERISA Claim for Plan Enforcement

58. Plaintiffs restate the above allegations as if fully set forth herein at length.

59. Plaintiffs and Class members are employees and thus entitled to participate in Sleepy's health and pension plans, which extends participation – to ERISA defined participants and beneficiaries – to employees of Sleepy's.

60. participants and/or beneficiaries of Sleepy's ERISA plans, Plaintiffs and Class members are entitled to a full calculation of their benefits owed.

61. Plaintiffs and Class members are not required to exhaust Sleepy's administrative remedies. There is no mechanism available under Sleepy's plans for persons whom Sleepy's contends are independent contractors to challenge that determination. In addition, Plaintiffs and Class members have not even been provided any information as to how they might challenge that determination through any such administrative review process.

62. Finally, Sleepy's contends, both publicly an in these proceedings, that its designation of the drivers as independent contractors – and thus not entitled to ERISA benefits – is correct and will not be changed absent judicial intervention, which renders administrative review futile.

63. Plaintiffs therefore seek damages and equitable relief, enforcing their rights under ERISA and the plan.

### Count 6 – FMLA Violations

64. Plaintiffs restate the above allegations as it fully set forth herein at length.

65. Under the FMLA, it is unlawful for an employer to interfere with, restrain, or deny the exercise or attempt to exercise any right provided under the FMLA.

66. Sleepy's willfully misclassified its drivers as independent contractors, in part, to evade its responsibilities under the FMLA, interfered with and restrained and discouraged the exercise of FMLA rights by denying that drivers have rights under the FMLA, and retaliated against drivers who attempted to exercise their FMLA rights.

67. By willfully, misclassifying its drivers, Sleepy's has violated the FMLA's prohibition on interference, at 29 U.S.C. § 2615(a)(1).

68. As a direct result of the interference, Plaintiffs and the putative Class have suffered damages, including those damages flowing directly from the interference. Those damages are recoverable via 29 U.S.C. § 2617(a)(1)(A).

69. The interference was not undertaken in good faith and was not undertaken with reasonable grounds for the belief that the misclassification did not violate 29 U.S.C. § 2615(a)(1) and thus there should be no reduction of liquated damages.

70. An actual and substantial controversy exists as to whether Sleepy's misclassified its drivers as independent contractors when in fact they were employees. Accordingly, Plaintiffs and Class members are also entitled to a declaration of their rights under 29 U.S.C. § 2617(a)(1)(B).

71. Plaintiffs further request the mandatory, reasonable attorneys' fees and other costs be awarded, pursuant to 29 U.S.C. § 2617(a)(3).

### Count 7 – Violation of the New Jersey Wage Payment Law

72. Plaintiffs restate the above paragraphs as if fully set forth herein at length.

73. Sleepy's is an employer within the meaning of the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1(a).

74. Plaintiffs and each Class member are employees within the meaning of N.J.S.A. 34:11-4.1(b).

75. Sleepy's has paid to the Plaintiffs compensation for their services that are wages within the meaning of N.J.S.A. 34:11-4.1(c).

76. Sleepy's has withheld and diverted from the Plaintiffs' wages amounts for various "charge-backs" and for other expenses.

77. Sleepy's withheld and diverted the wages of the Plaintiffs as set forth above in violation of N.J.S.A. 34:11-4.4 et. seq.

78. The Independent Driver Agreement as described herein violates the Wage Payment Law, and is unlawful, null and void pursuant to N.J.S.A. 34:11-4.7.

79. Pursuant to N.J.S.A. 34:11-4.7, Plaintiffs and other Class members have a private right of action against Sleepy's, their employer, for the full amount of wrongfully withheld or diverted wages.

### Count 8 – Violations of New York Labor Law

80. Plaintiffs restate the above paragraphs as if fully set forth herein at length.

81. At all times material hereto, the compensation paid by Sleepy's to Plaintiffs and Class members constituted "wages" within the meaning of Labor Law § 190(1), § 191, § 193, §195, § 197 and § 198.

82. Other than deductions required by law, government rules or regulations (e.g., payroll taxes, child support orders, or wage garnishments), section 193 of the Labor Law prohibits an employer from making and deduction from an employee's wages, except those which the employee expressly authorizes in writing and are for that employee's benefit.

83. Section 191 of the Labor Law specifies the frequency of payments and expressly states that an "employer shall pay wages in accordance with the following provisions:" [ … ] "not later than seven calendar days after the end of the week in which the wages were earned;". (Labor Law § 195(1).

84. Section 193 of the Labor Law expressly limits such "authorized deductions" to amounts for "insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee." (Labor Law § 193(1)(b).

14

85.  Section 195 of the Labor Law specified that "Every employer shall: notify his employees at the time of hiring of the rate of pay and the regular pay day designated by the employer". (Labor Law § (1)(1-a).

86.  Section 197 of the Labor Law offers the remedy of a civil penalty for "any employer who fails to pay wages of his employees". (Labor Law § 197).

87.  Sleepy's systematically violated all of these obligations, causing damages to Plaintiffs and the members of the Class.

88.  Sleepy's deducted amounts directly from the wages of Plaintiffs and Class members, which do not fall within the categories of authorized deductions.

89.  Sleepy's ongoing deduction of amounts not constituting authorized deductions from the wages of Plaintiffs and Class members constitutes a violation of Labor Law § 193.

90.  As a proximate result of the foregoing, Plaintiffs and Class members have been deprived of amounts deducted from their wages and have incurred damages.

### Count 9 - Violation of Massachusetts Wage Law

91.  Plaintiffs restate the above paragraphs as if fully set forth herein at length.

92.  By forcing the Plaintiffs and other Class members to bear the costs associated with Sleepy's business operations, Sleepy's violated Mass. Gen. Laws. c. 149 §§ 148 and 150 by making unlawful deductions and unlawfully requiring Plaintiffs and Class members to pay improper set-offs against their wages. Sleepy's has also violated Mass. Gen. Laws. c. 149 §§ 148 and 150 and c. 151 § 1 for not paying Plaintiffs and Class members for all time worked and for withholding other wages owed.

93. Plaintiffs have suffered damages as a result of those breaches.

### Count 10 - Violations of Maryland Wage Payment and Collection Law

94. Plaintiffs restate the above paragraphs as if fully set forth herein at length.

95. Under Md. Code Wage Payment and Collection §3-503, Sleepy's may not deduct amounts from employees unless the deduction is expressly authorized in writing and/or made in accordance with law.

96. Under Md. Code Wage Payment and Collection §3-505, Sleepy's must pay "all wages due for work … performed before the termination of employment."

97. Sleepy's acts described above violate both sections of the statue.

98. Plaintiffs and the Class members have suffered actual damages under §3-501, *et seq.* in excess of $25,000 with the exact amount to be determined from Sleepy's records.

99. Accordingly, under Md. Code Wage Payment and Collection §3-507.1, Plaintiffs and Class members are entitled to and demand up to three times their actual wages improperly withheld by Sleepy's, plus reasonable attorneys' fees and costs.

### Count 11 – Failure to pay wages in violation of Connecticut Minimum Wage Act

100. Plaintiffs restate the above paragraphs as if fully set forth herein at length.

101. Sleepy's forced Plaintiffs and other Class members to pay improper set-offs against wages, unlawfully made deductions from wages and did not pay Plaintiffs and other Class members for all of the time that they worked in violation of Conn. Gen. Stat. §§ 31-71a to 31-71i.

102. As a direct result of this conduct, Plaintiffs and the Class members have suffered damages, including unpaid wages and Sleepy's is liable for twice the full of such unpaid wages, costs and attorneys fees.

WHEREFORE, Plaintiffs, individually and on behalf of all drivers similarly situated, respectfully request that the Court order the following:

A. Certification of the described Class with the named Plaintiffs as the Class representatives;

B. Judgment in their favor and against the Defendant awarding compensatory, exemplary, statutory, liquidated and punitive damages;

C. An Order reforming the Sleepy's contract to and declaring that drivers are in fact employees of Sleepy's and are therefore entitled to all wages, payments and benefits to which other Sleepy's employees are entitled;

D. An Order requiring Sleepy's to pay all ERISA heath and pension benefits to which Plaintiffs are property entitled;

E. An injunction that requires Sleepy's to make available to its drivers all FMLA rights to which they are entitled as employees; and

F. All other relief to which Plaintiffs and the Class may be entitled, including but not limited to attorneys' fees, costs and prejudgment interest.

Signature Page

CURETON CLARK, P.C.
Attorneys for Plaintiffs

Dated: March 4, 2010    BY: _____
JERALD R. CURETON, ESQ. (JRC4244)
ANTHONY L. MARCHETTI, JR., ESQ. (ALM4302)

**JURY DEMAND**

Pursuant to Rule 38(b), federal Rules of Civil Procedure, Plaintiffs demand trial by jury for all of the issues pled in this Complaint so triable.

CURETON CLARK, P.C.
Attorneys for Plaintiffs

Dated:  March 4, 2010    BY: _____
JERALD R. CURETON, ESQ. (JRC4244)
ANTHONY L. MARCHETTI, JR., ESQ. (ALM4302)