UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
LOIS H. GOODMAN
UNITED STATES MAGISTRATE JUDGE

CLARKSON S. FISHER U.S. COURTHOUSE
402 EAST STATE STREET
ROOM 7050
TRENTON, NJ 08608
609-989-2114

November 1, 2017

**LETTER ORDER**

Re: HARGROVE, *et al.* v. SLEEPY'S LLC
Civil Action No. 10-1138 (PGS) (LHG)

Dear Counsel:

The Court has reviewed the informal letters submitted by Plaintiffs and Defendant Sleepy's LLC ("Sleepy's"). Sleepy's Letter seeks to strike certain declarations that Plaintiffs attached to their motion for class certification and to excise references to those declarations from Plaintiffs' brief. The contested declarations were supplied by six contract delivery drivers who had worked for Sleepy's: Mssrs. Serrano, Castillo, Clarke, Bautista, Estrada, and Rosario. A seventh declaration was submitted by a Ms. Shuford, a paralegal for Plaintiffs' law firm. Sleepy's argues that Plaintiffs failed to disclose the identities of these declarants under Rule 26 prior to submitting their declarations. Had Plaintiffs done so, says Sleepy's, it would have had the opportunity to depose them. Sleepy's Letter at 2. Sleepy's later asserts in the same letter that granting leave to depose the witnesses would strip the Federal Rules of their efficacy and burden Sleepy's with additional fees and costs. Sleepy's Letter at 4.

Plaintiff contend that the witness disclosure obligation imposed by Rule 26 does not apply in this situation because the driver-declarants are unidentified class members whose testimony is not being used "to support [their] claims or defenses," but rather to assist the Court in assessing the appropriateness of class certification, a procedural mechanism. Plaintiffs' Letter at 1–2. Plaintiffs separately assert that they did not need to identify the drivers because the drivers had already been identified elsewhere by the parties. *Id.* at 2. Notably, two were identified by Sleepy's itself as potential witnesses and the names of the all of the drivers were also included in discovery that Sleepy's produced. *Id.* Moreover, Plaintiffs had named, as a general group, all of Sleepy's independent contract delivery drivers as part of its disclosures. *Id.* Plaintiffs also assert that they could not have identified their declarants sooner because the drivers only reached out to Plaintiffs' counsel shortly before providing their declarations. *Id.* at 4. Finally, Plaintiffs contend that striking the declarations under Rule 37 would be an extreme sanction, unwarranted in this case given that Sleepy's has not articulated the prejudice required under the Rule. *Id.* at 3.

*Hargrove, et al. v. Sleepy's Inc. LLC*
Page 2 of 2

The Court is not surprised by this latest installment of the parties' recurring inability to resolve their differences. Sleepy's protests that it has suffered the harm of being deprived of an opportunity to depose the declarants. It is therefore extraordinary to the undersigned that in counsels' attempt to meet and confer—which appears to be limited to an exchange of two emails appended to Sleepy's letter—those depositions were neither sought nor offered. The fact that Sleepy's attempted to strike the declaration of a *paralegal* from Plaintiffs' firm who merely attested to the accuracy of a summary is a testament to the lack of communication between counsel. It is painfully clear that the meet and confer expected of litigants in this district was not met in this case. Nor is the Court persuaded by Plaintiffs' argument attempting to distinguish class certification from claims or defenses because the cases that Plaintiffs cite are inapposite. In fact, the only compelling explanation that Plaintiffs present is that the declarants only came forward recently, although Plaintiffs do not disclose just how recently. Inexplicably, Sleepy's does not acknowledge, much less address, Plaintiffs' assertion that the contract drivers came forward only recently. Rather, Sleepy's leaps to strike their declarations.

The Court finds that although Plaintiffs would have done well by identifying declarants earlier, any prejudice to Sleepy's can be addressed by a less draconian means than by striking the declarations. The Court therefore denies the request to strike the declarations. Defendant is hereby given leave to take expedited depositions of the driver declarants, limited to the issues raised in the declarations, and to last no longer than 2 hours each, with multiple depositions to be taken each day to the extent practicable. Within 5 business days after the conclusion of the depositions, Defendant may file a supplement to its opposition to the pending class certification motion. That supplement shall be filed **by no later than November 21, 2017** and shall be no longer than 5 pages. The hearing on the class certification motion before the Honorable Peter G. Sheridan, U.S.D.J., is hereby adjourned to **December 4, 2017**. Counsel will be notified later as to the time.

**IT IS SO ORDERED.**

_____
**LOIS H. GOODMAN**
**United States Magistrate Judge**