# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAM HARGROVE, ANDRE HALL, and MARCO EUSEBIO, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>SLEEPY'S, LLC,<br><br>    Defendant.<br><br>SLEEPY'S, LLC,<br><br>    Third-Party Claims Plaintiff,<br><br>v.<br><br>I-STEALTH, LLC, EUSEBIO'S TRUCKING CORP and CURVA TRUCKING, LLC,<br><br>    Third-Party Claims Defendant. | Civil Action No. 10-01138-PGS-LHG<br><br><br>FILED VIA ECF |

**DEFENDANT'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

# TABLE OF CONTENTS

**PAGE**

I.    SUPPLEMENTAL PROCEDURAL BACKGROUND ................................1

II.   ARGUMENT ........................................................................................................2

III.  CONCLUSION ....................................................................................................5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Guzman v. Bridgepoint Educ., Inc.*,
　305 F.R.D. 594 (S.D. Cal. 2015) ...................................................................................2

*Hargrove v. Sleepy's LLC*,
　2012 U.S. Dist. LEXIS 43949 (D.N.J. 2012) ......................................................3

**Other Authorities**

Federal Rule of Civil Procedure 26(a)(1) ...................................................................1

I.      **SUPPLEMENTAL PROCEDURAL BACKGROUND**

To support class certification, Plaintiffs put forth declarations from seven witnesses never identified in Plaintiffs' automatic disclosures under Federal Rule of Civil Procedure 26(a)(1): Rebecca Shuford; Alejandro Serrano; Julio Castillo; Henderson Clarke; Francisco Bautista; Manuel Estrada; and, Wilfredo Rosario. (ECF 193.)  On May 25, 2017, Sleepy's protested that the failure to disclose the witnesses violated Rule 26(a)(1) and requested Plaintiffs to excise the undisclosed declarations from their motion for class certification.  On May 26, 2017, Plaintiffs declined, arguing (among other things) that Rule 26(a)(1) does not require the disclosure of unidentified class members for class-certification purposes.

After Sleepy's sought judicial intervention, the Court held Plaintiffs violated Rule 26(a)(1) by failing to disclose six of the undisclosed witnesses; but, instead of striking the declarations, the Court ordered that Sleepy's be provided the opportunity to depose those witnesses and file a brief based on those depositions. (ECF 202, p. 2.)[1]  Sleepy's has since deposed all of those witnesses except for Mr. Castillo (who is, we understand, in Honduras).

---

[1] The Court did not allow Sleepy's to depose Ms. Shufford, on the ground that she was a paralegal who "merely attested to the accuracy of a summary. . . ." (ECF 202, p. 2.)  Sleepy's respectfully disagrees with that conclusion and reiterates its request for Ms. Shufford's declaration to be stricken because of Plaintiffs' violation of Rule 26(a)(1).  A review of Ms. Shufford's declaration (ECF 193-5) reveals that she does more than merely attest to the accuracy of a summary. Plaintiffs use her declaration to argue that damages can be proven on a class-wide

## II. ARGUMENT

The class Plaintiffs seek to represent consists of individuals who meet at least three criteria: they (1) "personally provided delivery services for Sleepy's on a full-time basis out of Sleepy's Robbinsville, New Jersey facility"; (2) experienced unlawful wage deductions; and (3) worked over 40 hours per week without overtime. (ECF 195, p. 22 of 45.) Sleepy's argues (among other things) that ascertainability does not exist because there is no feasible way to tell who meets the three criteria (ECF 195, p. 22-28 of 45) and that predominance does not exist because determining whether any individual has proved those elements of the claim would require individualized evidence (ECF 195, p. 30 of 45). The undisclosed witnesses' testimony reinforces each point.

Regarding the first criterion – that the individual personally provided delivery services for Sleepy's on a full-time basis – the witnesses have no idea who fits in this category. Mr. Estrada's testimony on this point was typical:

> Q. And because don't know whether some of those other companies have delivery customers besides Sleepy's, you can't know one way or another whether some of those owners spend their days working for other customers, can you?

---

basis (ECF 193, p. 46 of 51) and that Sleepy's owes the named Plaintiffs alone $58,132.01 (ECF 193-5). Sleepy's inability to depose Ms. Shufford and examine the assumptions underlying both conclusions have materially prejudiced Sleepy's ability to contest class certification. The Court should strike her declaration. *See Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. 594, 604-08 (S.D. Cal. 2015).

>MR. MARCHETTI: Objection. Foundation. You can answer.
>
>A. (Answers in English.) No.
>
>BY MR HANK:
>
>Q. *The only way to know would be to ask them, correct*?
>
>A. (Answers in English.) *Yes*. And I'm the kind of person that stay in my own square.

(Exh. A, Estrada Dep. 40:13-25 (emphasis added).)[2]

Turning to the second criterion – that the individual experienced unlawful wage deductions – Plaintiffs' theory is that Sleepy's made deductions from its weekly payments to carriers, and that those companies inevitably passed on those deductions, in the form of improper wage reductions, to drivers.[3] (*See* ECF 151, p. 33 of 58.) The undisclosed witnesses' testimony establishes that there is no way to ascertain, or to discern based on classwide evidence, who experienced this alleged harm. Hence Mr. Clarke's testimony:

>Q. Sometimes Sleepy's made deductions from the weekly checks they gave to HC Trucking, correct?
>
>A. Yes.

---

[2] (*See* Exh. B, Serrano Dep. 16:12-20; Exh. C, Rosario Dep. 13:25-14:11; Exh. D, Bautista Dep. 38:7-19; Exh. E, Clarke Dep. 30:16-19.)

[3] This is a theory the Court rejected as a matter of law. *See Hargrove v. Sleepy's LLC*, 2012 U.S. Dist. LEXIS 43949, at *6 (D.N.J. 2012). ("If ETC personnel damaged an item during delivery, Marco Eusebio and Pedro Eusebio decided whether and how much to deduct from the pay of the ETC personnel involved.").

> Q. For example, if you damaged the mattress or something like that, there might be a deduction, correct?
>
> A. Yes.
>
> Q. What did you do when that happened?
>
> A. Not much could have done. They just took the money.
>
> Q. Did you pass on the deduction to anyone's wages?
>
> A. No. I didn't do that.
>
> Q. You paid it out of business expenses, correct?
>
> A. Yes.
>
> Q. And you don't know how other companies handled it when they got deductions?
>
> A. No. I don't know how they handle this.

(Exh. E. Clarke Dep. 16:16-17:10.)[4]

Turning to overtime, the parties agree that carriers had the duty to pay drivers earned overtime. (*See* ECF 195-1, 267:18-268:5.) Only those who could prove that their carriers failed to discharge that responsibility could possibly prevail in this case. The undisclosed witness's testimony reinforces the conclusion that that there is no way to ascertain, or to discern based on classwide evidence, who experienced this alleged harm, either. Mr. Clarke made the point succinctly:

---

[4] The other undisclosed witnesses' testimony shows that it is impossible to (1) ascertain or (2) prove on the basis of common evidence which class members had deductions take out of their wages. (Exh. A, Estrada Dep. 35:2-7; Exh. B, Serrano Dep. 15:8-22; Exh. C, Rosario Dep. 19:2-10; Exh. D. Bautista Dep. 31:22-33:8.)

"Q. You're not in the position to know whether other companies paid their employees overtime? A. I don't know." (Exh. E., Clarke Dep. 16:13-15.)[5]

### III. CONCLUSION

The testimony of the undisclosed witnesses (or at least the subset of them Sleepy's deposed after the close of discovery) reinforces two conclusions: short of interviewing each potential class member, there is no way to (1) ascertain who meets the three criteria of class membership discussed above; or (2) prove who experienced improper wage deductions under the WPL or a denial of overtime under the WHL. Accordingly, and for the reasons discussed in Sleepy's opposition to class certification, the Court should deny class certification.

          Respectfully submitted,

          */s/ Matthew J. Hank and Paul C. Lantis*
          Theo E.M. Gould
          Matthew J. Hank
          Paul C. Lantis
          Marc D. Esterow
          LITTLER MENDLESON, P.C.
          Three Parkway
          1601 Cherry Street, Suite 1400
          Philadelphia, PA 19102.1321
          267.402.3000
          267.402.3131

Date:  November 21, 2017        *Attorneys for Sleepy's, LLC*

---

[5] The others testified similarly. (*See* Exh. A, Estrada Dep. 33:25-34:4; B, Serrano Dep. 13:10-13; Exh. C, Rosario Dep. 18:4-6); Exh. D, Bautista Dep. 30:25-31:2.)

## **CERTIFICATE OF SERVICE**

I certify that, on November 21, 2017, a true and correct copy of the foregoing Defendant's Supplemental Brief in Opposition to Plaintiffs' Motion for Class Certification was filed and served *via CM/ECF* electronic filing, addressed to the following party:

Anthony L. Marchetti
Marchetti Law, P.C.
900 N. Kings Highway, Suite 306
Cherry Hill, NJ  08034


*/s/ Paul C. Lantis*
Paul C. Lantis