# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAM HARGROVE, ANDRE HALL, MARCO EUSEBIO, individually and on<br>Behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>SLEEPY'S LLC<br><br>   Defendant. | **CIVIL ACTION**<br><br><br>**No.: 3:10-CV-01138-PGS-LHG**<br><br><br>**CLASS ACTION** |

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO INTERVENE

## TABLE OF CONTENTS

I.   SLEEPY'S FAILS TO DEMONSTRATE WHY THIS COURT
     SHOULD ABANDON 40 YEARS OF BINDING SUPREME
     COURT PRECEDENT GOVERNING INTERVENTION ONCE
     CLASS CERTIFICATION IS DENIED. ........................................................1

II.  SLEEPY'S TRIES TO MISLEAD THE COURT BY CITING
     IRRELEVANT CASES INVOLVING ATTEMPTS TO ADD
     NAMED PLAINTIFFS AS CLASS REPRESENTATIVES, TO
     REMEDY PRIOR DISMISSALS OF SUCH REPRESENTATIVES. ..........4

III. CONCLUSION.................................................................................12

# TABLE OF AUTHORITIES

**Cases**

Am. Pipe & Const. Co. v. Utah
   414 U.S. 538 (1974) ..................................................................... passim

Arivella v. Lucent Techs., Inc.
   623 F. Supp. 2d 164 (D. Mass. 2009) ...........................................3

Charleswell v. Chase Manhattan Bank, N.A.
   2009 WL 1850650 (D.V.I. June 24, 2009) .............................................3

Crown, Cork & Seal Co. v. Parker
   462 U.S. 345 (1983) ..................................................................... passim

Edwards v. Boeing Vertol Co.
   717 F.2d 761 (3d Cir.1983) ...............................................................2

Giovanniello v. ALM Media, LLC
   726 F.3d 106 (2d Cir. 2013) ...............................................................3, 4

In re Agent Orange Product Liability Litigation
   818 F.2d 210 (2d Cir.1987) ...............................................................4

In re Brewer
   863 F.3d 861 (D.C. Cir. 2017) ...........................................................10

In re Cmty. Bank of N. Virginia
   418 F.3d 277 (3d Cir. 2005) ...............................................................11

In re Cmty. Bank of N. Virginia
   622 F.3d 275 (3d Cir. 2010), as amended (Oct. 20, 2010) ....................................3

In re Greyhound Sec. Litig.
   1997 WL 531317 (N.D. Tex. Aug. 15, 1997)..........................................8

In re Safeguard Scis.
   220 F.R.D. 43 (E.D. Pa. 2004)..........................................................5, 6

In re Wholesale Grocery Prod. Antitrust Litig.
   2015 WL 13648555 (D. Minn. June 19, 2015)....................................7, 8

Joshlin v. Gannett River States Publishing Corporation
  152 F.R.D. 577 (E.D.Ark.1993) ...................................................................3

Katz v. Carte Blanche Corp.
  496 F.2d 747 (3d Cir. 1974) .......................................................................9

Koike v. Starbucks Corp.
  378 F. App'x 659 (9th Cir. 2010) ...............................................................3

Kresefky v. Panasonic Communications and Systems Co.
  169 F.R.D. 54 (D.N.J.1996)........................................................................3

Lane v. Bethlehem Steel Corp.
  93 F.R.D. 611 (D. Md. 1982)..................................................................3, 10

McKowan Lowe & Co. v. Jasmine, Ltd.
  295 F.3d 380 (3d Cir. 2002) ...................................................................3, 11

Mendez v. The Radec Corp.
  260 F.R.D. 38 (W.D.N.Y. 2009)..................................................................9

Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.
  72 F.3d 361 (3d Cir. 1995) ..........................................................................6

Nelson v. County of Allegheny
  60 F.3d 1010 (3d Cir.1995) .........................................................................3

Smith v. Bayer
  564 U.S. 299 (2011)....................................................................................4

U.S. ex rel. Koch v. Koch Indus., Inc.
  188 F.R.D. 617 (N.D. Okla. 1999) ............................................................12

United Airlines, Inc. v. McDonald
  432 U.S. 385 (1977)................................................................................3, 8

United States v. Alcan Aluminum, Inc.
  25 F.3d 1174 (3d Cir.1994) .....................................................................6, 7

Voilas v. Gen. Motors Corp.
  173 F.R.D. 389 (D.N.J. 1997)..................................................................3, 9

Walker v. Floyd Cty., Ind.
    2009 WL 2222886 (S.D. Ind. July 22, 2009) ........................................................3

Warden v. Crown Am. Realty Tr.
    1998 WL 725946 (W.D. Pa. Oct. 15, 1998) ..........................................................8

Yang v. Odom
    392 F.3d 97 (3rd Cir. 2004) ..................................................................................2

**Other Authorities**

McLaughlin on Class Actions
    § 3:15 (14th ed.) ....................................................................................................2

**Statutes**

Fed. R. Civ. P. 15 ......................................................................................................3

Fed. R. Civ. P. 23 ............................................................................................ 1, 2, 9

Fed. R. Civ. P. 24 ......................................................................................................3

I.     **SLEEPY'S FAILS TO DEMONSTRATE WHY THIS COURT SHOULD ABANDON 40 YEARS OF BINDING SUPREME COURT PRECEDENT GOVERNING INTERVENTION ONCE CLASS CERTIFICATION IS DENIED.**

After the Court denied class certification "without prejudice," 16 putative

class members (Sleepy's driver/contractors), following the well-established

Supreme Court precedent of Am. Pipe & Const. Co. v. Utah, 414 U.S. 538, 553

(1974) and Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 354 (1983), have

moved to be added into this case. This is exactly what American Pipe and Crown

Cork, & Seal both authorize and require.  Incredibly however, Sleepy's frivolously

argues that the intervenors' motion should be denied as "untimely" and baldly

allege that Plaintiffs made a "tactical decision to delay intervention."  Def.'s Opp.

at p. 6, 12.  This argument goes against what nearly every court has held and would

effectively render Rule 23 meaningless.[1]  Anticipating this very argument, the

Supreme Court held in American Pipe that to require class members to intervene

early and often "would frustrate the principal function of a class suit, because then

the sole means by which members of the class could assure their participation in

the judgment if notice of the class suit did not reach them until after the running of

---

[1]      Moreover, any suggestion that Plaintiffs delayed filing for class certification is
disingenuous.  The parties, at Sleepy's urging, sought to address liability prior to class
certification under Rule 23 (see ECF Nos. 66, 122, 130).  Plaintiffs in this case moved for class
certification at the first available opportunity and sought to intervene as soon as possible.

the limitation period would be to file earlier individual motions to join or intervene as parties." <u>Am. Pipe</u>, 414 U.S. at 551 (quoting Rule 23(b)(3)).  As the Supreme Court held, requiring class members to intervene before a ruling on class certification is "precisely the multiplicity of activity which Rule 23 was designed to avoid."  <u>Id</u>.  <u>See also</u> <u>In re WorldCom Sec. Litig.</u>, 496 F.3d 245, 251 (2d Cir. 2007) (with "the benefit of <u>American Pipe</u> tolling, class members could wait until after certification was resolved before deciding" whether to intervene or file a new lawsuit); McLaughlin on Class Actions § 3:15 (14th ed.) ("The Supreme Court's decisions in <u>American Pipe</u> and <u>Crown, Cork & Seal</u> were not based on judge-made equitable tolling, but rather on the Court's conclusion that Rule 23's goal of efficiency would be frustrated if the commencement of a putative class action did not toll the statute of limitations for putative class members, *i.e.*, each class member would otherwise need to commence litigation prior to the expiration of that class member's own limitations period.") .

Sleepy's' "timeliness" argument has been expressly rejected by the Supreme Court for more than 40 years.  The claims of putative class members are tolled by the filing of a Rule 23 class action lawsuit.[2]  <u>See</u> <u>Am. Pipe</u>, 414 U.S. at 561 ("the

---

[2]     Because this Court denied class certification without prejudice, tolling continues for the proposed class members.  <u>See</u> <u>Yang v. Odom</u>, 392 F.3d 97, 102 (3rd Cir. 2004) (citing <u>Edwards v. Boeing Vertol Co.</u>, 717 F.2d 761 (3d Cir.1983) (consistent with <u>Crown, Cork & Seal</u>, tolling does not end until there has a been a "final determination" on class certification such as a denial "with prejudice").  <u>See also</u> <u>Charleswell v. Chase Manhattan Bank, N.A.</u>, 2009 WL 1850650, at

commencement of the class action in th[e] case suspended the running of the

limitations period."); <u>McKowan Lowe & Co. v. Jasmine, Ltd.</u>, 295 F.3d 380, 389

(3d Cir. 2002)  Thus, in <u>Crown, Cork & Seal Co. v. Parker</u>, 462 U.S. 345, 354

(1983), the Supreme Court held: "Once the statute of limitations has been tolled, it

remains tolled for all members of the putative class <u>until class certification is

denied. At that point, class members may choose . . . to intervene as plaintiffs in

the pending action</u>."  (emphasis added).  That is exactly what Plaintiffs have done

here and it is why Sleepy's argument is both non-sensical and frivolous.[3] <u>See also</u>

---

*16 (D.V.I. June 24, 2009) (denial of class certification without prejudice was not a final ruling
and did not stop tolling).

[3]      <u>See</u>, <u>e.g.</u>, <u>Voilas v. Gen. Motors Corp.</u>, 173 F.R.D. 389, 394 (D.N.J. 1997) (holding that
absentee class members satisfied requirements for motion to amend them as added plaintiffs
pursuant to Rule 15(a) and motion to intervene pursuant to Rule 24); <u>Giovanniello v. ALM
Media, LLC</u>, 726 F.3d 106, 116 (2d Cir. 2013); <u>Arivella v. Lucent Techs., Inc.</u>, 623 F. Supp. 2d
164, 174 (D. Mass. 2009); <u>Walker v. Floyd Cty., Ind.</u>, 2009 WL 2222886, at *2 (S.D. Ind. July
22, 2009) (granting motions to intervene pursuant to Rule 24(b) on behalf of 49 absent class
members 60 days after denial of class certification); <u>Lane v. Bethlehem Steel Corp.</u>, 93 F.R.D.
611, 615 (D. Md. 1982) (finding absent class members met requirement for intervention as of
right following denial of class certification); <u>Koike v. Starbucks Corp.</u>, 378 F. App'x 659, 661
(9th Cir. 2010) (putative class member can intervene even after final judgment entered for the
named plaintiff following denial of class certification for the purpose of appealing the denial of
class certification) (citing <u>United Airlines, Inc. v. McDonald</u>, 432 U.S. 385, 393-96 (1977)); <u>In re
Cmty. Bank of N. Virginia</u>, 622 F.3d 275, at 298 (3d Cir. 2010), <u>as amended</u> (Oct. 20, 2010)
(proper analysis for determining whether joinder is proper following denial of class certification
is whether absentee class members satisfy Rule 15(c)(1)(B), under which the plaintiff "must
demonstrate only that his or her [] claims 'arose out of the conduct, transaction, or occurrence set
out ... in the original pleading.'"); <u>Nelson v. County of Allegheny</u>, 60 F.3d 1010, 1011–12 (3d
Cir.1995) (where the Third Circuit Court noted, without disapproval, that the district court
permitted a motion to amend to add plaintiffs after a motion for class certification was denied);
<u>Kresefky v. Panasonic Communications and Systems Co.</u>, 169 F.R.D. 54, 63 (D.N.J.1996)
(district court granted plaintiffs' alternative request to amend their Complaint to add plaintiffs
after class certification was denied); <u>Joshlin v. Gannett River States Publishing Corporation</u>, 152
F.R.D. 577, 579 (E.D.Ark.1993) (denying class certification, but granting plaintiffs' motion to
amend to include 95 additional plaintiffs over objections raised by one of the defendants).

Smith v. Bayer, 564 U.S. 299 (2011) (putative class members may forego

intervention until certification has been ruled on, even if unfavorably).

Incredibly, Sleepy's does not discuss or even cite American Pipe or Crown,

Cork & Seal, or any related cases.  Instead, Sleepy's argues that "the Court should

deny [the] Proposed Intervenors' motion to intervene because it is untimely."

Def.'s Opp. at p. 8-15.  Yet nearly every court to rule on this issue has held that

putative class members should wait until the court has issued a ruling on class

certification, then seek to intervene is class certification is denied.  See infra at

footnote 3.  As the Second Circuit explained, "[t]he intent of the American Pipe

rule is to preserve the individual right to sue of the members of a proposed class

until the issue of class certification has been decided."  Giovanniello v. ALM

Media, LLC, 726 F.3d 106, 116 (2d Cir. 2013) (quoting In re Agent Orange

Product Liability Litigation, 818 F.2d 210, 214 (2d Cir.1987)).

## II.    SLEEPY'S TRIES TO MISLEAD THE COURT BY CITING IRRELEVANT CASES INVOLVING ATTEMPTS TO ADD NAMED PLAINTIFFS AS CLASS REPRESENTATIVES, TO REMEDY PRIOR DISMISSALS OF SUCH REPRESENTATIVES.

Sleepy's misleadingly cites to several cases in support of its argument that

intervention is improper because "the litigation has progressed too far to permit

intervention."[4]  Def.'s Opp. at p. 9-10.  These cases however involve attempts to

---

[4]     Sleepy's misrepresents the facts of this case in arguing that Plaintiffs filed their motion to intervene "hoping to procure another chance at class certification."  Def.'s Opp. at p. 10.

save the "class action" by substituting or adding "class representatives" not

individual intervenors, or because the motion to intervene was filed a year or more

after the denial of class certification, or because the intervenors knew they were

never part of the putative class to begin with.

Here, however, the proposed intervenors are Sleepy's drivers seeking to

preserve and pursue their rights.  This Court never held that the current Plaintiffs

are inadequate class representatives and the proposed intervenors are not being

proffered as class representatives.[5]

Sleepy's relies on <u>In re Safeguard Scis.</u>, 220 F.R.D. 43, 46 (E.D. Pa. 2004),

for example, where proposed intervenors filed their motion after the court had

denied class certification because the named plaintiffs were "not typical of the

class."  Moreover, the court held that the proposed intervenors had long known that

the named plaintiffs were not typical and this not sufficient class representatives.

---

Plaintiffs are not proposing the new intervenors as class representatives, only as drivers who want to assert their rights following this Court's denial of class certification without prejudice. That is readily apparent from the Plaintiffs' Renewed Motion for Class Certification, which seeks merely to certify a more limited class of single-truck driver/contractors and is not tailored to the intervenors, some of whom operated multiple trucks for Sleepy's.  <u>See</u> ECF No. 216 at p. 14 n. 16 (only 10 of the proposed intervenors are part of the new proposed class).

[5]     Sleepy's baldly argues that the motion to intervene was filed "on behalf of Proposed Intervenors hoping to procure another chance at class certification."  Def.'s Opp. at p. 10. Sleepy's is mistaken as Plaintiffs' renewed motion for class certification shows, Plaintiffs do not seek to appoint new class representatives, nor is the proposed class tailored to the Proposed Intervenors, rather it is now limited to contractors who operated only one truck for Sleepy's for at least six months and personally made deliveries full time.  <u>See</u> Pls.' Renewed Mot. for Class Cert. at ECF No. 216.

Id. at *47.  No such finding is possible here.  Indeed, this Court made no findings that the named Plaintiffs were not adequate class representatives, but instead denied class certification on ascertainability grounds.  The proposed intervenors are merely following American Pipe and Crown, Cork & Seal and are now attempting to assert their rights individually.

Moreover, even the court in Safeguard would grant the motion to intervene in this case.  As the court held, "[i]t should be noted that the mere passage of time does not, of itself, render an application for intervention untimely."  Id. (citing Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, at 369 (3d Cir. 1995)). "Rather, to the extent that the length of time an applicant waits before applying for intervention is a factor in determining timeliness, it should be measured from the point at which the applicant knew, or should have known, of the risk to its rights."  Id. (citing Mountain Top, supra; United States v. Alcan Aluminum, Inc., 25 F.3d 1174, 1182 (3d Cir.1994)) (emphasis added).  The court concluded that "[t]hus, where an existing party induces the applicant to refrain from intervening or where a party takes reasonable steps to protect its interest, an application to intervene should not be denied on timeliness grounds."  Id.  That is precisely what happened here as the motion to intervene was filed less than a month after the Court denied class certification without prejudice.  Prior to that, class members rightly believed that they would be part of the proposed class and

were part of the class as defined in Plaintiffs' initial motion for class certification.
<u>See</u> Pls.' Mot. for Class Cert. at p. 12-13 (seeking to certify a class including "All individuals who 1) entered into an Independent Driver Agreement (or similar agreement) directly or through a business entity; 2) personally provided delivery services for Sleepy's on a full-time basis out of Sleepy's Robbinsville, New Jersey facility; and 3) who were classified as independent contractors, at any time from March 4, 2004 to the present.") (ECF No. 193).  Each intervenor met this original class definition.  <u>See</u>, <u>e.g.</u>, Decl. of Henderson Clarke at ¶¶ 2-5 (Ex. A); Decl. of Aldrin Cevallos at ¶¶ 2-5 (Ex. B); Decl. of Dante Gomez at ¶¶ 2-5 (Ex. C); Decl. of Alejandro Serrano at ¶¶ 2-5 (Ex. D); Decl. of Michael Simpson at ¶¶ 2-5 (Ex. E); Decl. of Wilfredo Rosario at ¶¶ 2-5 (Ex. F); Decl. of Keiron Ottley at ¶¶ 2-5 (Ex. G); Decl. of Javier Duque at ¶¶ 2-5 (Ex.H); Decl. of Ucha Barbakadze at ¶¶ 2-5 (Ex. I).

In another case relied on by Sleepy's, <u>In re Wholesale Grocery Prod. Antitrust Litig.</u>, 2015 WL 13648555, at *9 (D. Minn. June 19, 2015), the court held that the motion to intervene was untimely because the proposed intervenor had been aware "long before" that the plaintiffs would seek to certify a class that did not include him.  <u>Id</u>. at *9.  Furthermore, the intervenor filed his motion more than two years after the denial of class certification.  <u>Id</u>. at *2-3.  The court, however, relied on the Supreme Court's ruling in <u>United Airlines v. McDonald</u>, 432 U.S.

385 (1977), which held that a motion to intervene is indeed timely where it is filed

"as soon as it became clear to the respondent that the interests of the unnamed class

members would no longer be protected by the named class representatives, she

promptly moved to intervene to protect those interests." Id. at *9 (quoting

McDonald, 432 U.S. at 394).   As described above, all of the proposed intervenors

in this case were part of the class Plaintiffs sought to represent.[6]

Furthermore, any delay in the filing of the motion to intervene was caused

by Sleepy's.  The parties, at Sleepy's urging, sought to address liability prior to

class certification under Rule 23 (see ECF Nos. 66, 122, 130), thus waiving any

concerns related to one-way intervention.  See, e.g., Katz v. Carte Blanche Corp.,

496 F.2d 747 (3d Cir. 1974) (defendant may waive objections based on one-way

intervention); Mendez v. The Radec Corp., 260 F.R.D. 38, 45 (W.D.N.Y. 2009)

(collecting cases).  Plaintiffs in this case moved for class certification at the first

---

[6]       Similarly, Sleepy's relies on cases where intervenors sought to serve as new class
representatives to breathe new life into dormant cases.  See Warden v. Crown Am. Realty Tr.,
1998 WL 725946, at *1, 4 (W.D. Pa. Oct. 15, 1998) (noting that "Plaintiffs admit that much of
what they pleaded in their current complaint had already been dismissed with prejudice in
the *Crown* action" and the named plaintiffs lack standing"); In re Greyhound Sec. Litig., 1997
WL 531317, at *4 (N.D. Tex. Aug. 15, 1997) ("a class was not certified when the court
dismissed the original plaintiffs' claims, and Clarkson does not seek now to continue litigating
these claims on behalf of the class those plaintiffs purported to represent.").  The named
Plaintiffs have valid claims (this Court granted summary judgment in Plaintiffs' favor on
misclassification) and there has been suggestion that they are improper class representatives.
Indeed, as the evidence in this case demonstrates, the intervenors are nearly identical to the
named Plaintiffs in that they performed deliveries as driver/contractors for Sleepy's in New
Jersey on a full-time basis.

available opportunity and, again, filed their motion to intervene less than a month after a ruling on that motion.

Despite Sleepy's frivolous arguments, as Plaintiffs have already argued, courts generally follow the Supreme Court and allow class members to intervene following the denial of class certification.  Sleepy's misleadingly argues that Voilas v. Gen. Motors Corp., 173 F.R.D. 389, 395 (D.N.J. 1997) is inapposite because Sleepy's claims "plaintiffs had moved to add the new parties earlier in the case."  Def.'s Opp. at p. 14.  This is incorrect because, the plaintiffs in Voilas sought to intervene two months after the denial of class certification.  Voilas, 173 F.R.D. at 391-92.  The court initially "denied the plaintiffs' motion without prejudice pending the district court's determination of certain dispositive motions to be filed by defendants," but later ruled that intervention was proper following the denial of class certification to allow putative class members to intervene because "the putative plaintiffs' interests are affected by the outcome of this litigation in that certain determinations in the instant litigation . . . will likely hold precedential weight in any succeeding actions" and because the "plaintiffs' interests are not adequately represented by the existing litigants."  Such is the case here where the Court has already held that Sleepy's misclassified its delivery drivers are independent contractors and is likely to rule on what kinds of damages are available to Sleepy's drivers under the New Jersey wage laws.  Moreover, since

the Court denied class certification without prejudice, the putative class members'
interests are no longer being represented in this action.

Moreover, Sleepy's further fails to demonstrate how Lane v. Bethlehem
Steel Corp., 93 F.R.D. 611 (D. Md. 1982) and In re Brewer, 863 F.3d 861, 873
(D.C. Cir. 2017) are not applicable here.. Both cases held that putative class
members could intervene even after a case received a final determination in the
district court and was the subject of an appeal.  Indeed, the D.C. Circuit explained
that, "[b]ecause class-wide adjudication of this shared interest is compatible with
efficiency and due process, we have consistently granted motions to intervene as of
right" following the denial of class certification.  In re Brewer, 863 F.3d at 873
(citations omitted).

Thus, a motion to intervene in a class action is generally not ripe until the
court has made a ruling on class certification, which in this case occurred on
February 28, 2018.  In re Cmty. Bank of N. Virginia, 418 F.3d 277, at 314 (3d Cir.
2005) (quoting McKowan Lowe & Co. v. Jasmine, Ltd., 295 F.3d 380, 384 (3d
Cir. 2002) ("Not until the existence and limits of the class have been established
and notice of membership has been sent does a class member have any duty to take
note of the suit or to exercise any responsibility with respect to it in order to profit
from the eventual outcome of the case.").

Meanwhile, as Sleepy's tacitly admits, because of <u>America Pipe</u>-tolling, if the Court denies the motion to intervene, the proposed intervenors may simply file their own individual actions against Sleepy's setting forth the same claims. The intervenors are nearly identical to the named Plaintiffs in that they performed deliveries as driver/contractors for Sleepy's in New Jersey on a full-time basis. Moreover, because they all worked for Sleepy's in New Jersey, they would be required to file their cases in this Court, which would be far less efficient than simply allowing them to intervene in this case.

Finally, in addressing Plaintiffs' alternative request to allow them to amend the complaint to add the 16 proposed intervenors, Sleepy's argues that adding the intervenors now would result in undue prejudice because it may require additional discovery. Def.'s Opp. at p. 18-20. Courts have rejected this exact argument when it is raised in opposition to a motion to amend class members following the denial of class certification. Merely adding new parties does not result in undue prejudice because Sleepy's is already apprised of their claims and has already vigorously defended identical claims brought by the named Plaintiffs. <u>U.S. ex rel. Koch v. Koch Indus., Inc.</u>, 188 F.R.D. 617, 622 (N.D. Okla. 1999) ("As long as a defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action, his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations

defense.") (quoting 6A Wright & Miller, § 1501 at 154–55 (2d ed.1990)).  Indeed, as a result of <u>American Pipe</u>-tolling, the intervenors' claims have been tolled and they may simply file their own separate lawsuits.  Sleepy's cannot show how it would be prejudiced if the proposed intervenors claims were consolidated in one lawsuit.

## III.    CONCLUSION

Fir the reasons stated here and in Plaintiffs' motion to intervene, the Court should grant Plaintiffs' motion and permit the 16 former Sleepy's delivery drivers to intervene in this case following this Court's denial of class certification "without prejudice."  In the alternative, this Court should permit Plaintiffs to amend the complaint to add the 16 proposed intervenors as plaintiffs and allow them to pursue their claims under the New Jersey wage laws.

Respectfully submitted,

PLAINTIFFS SAM HARGROVE, ANDRE HALL, AND MARCO EUSEBIO,

By their attorneys,

/s/Anthony L. Marchetti, Jr.
Anthony L. Marchetti, Jr. (ALM4302)
MARCHETTI LAW, P.C.
900 N. Kings Highway, Suite 306
Cherry Hill, NJ 08034
(856) 414-1800

amarchetti@marchettilawfirm.com

/s/Benjamin J. Weber
Harold L. Lichten
(admitted pro hac vice)
Benjamin J. Weber
(admitted pro hac vice)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St. Suite 2000
Boston, MA 02116
(617) 994 5800
hlichten@llrlaw.com
bweber@llrlaw.com

DATED: April 30, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2018, I served a copy of this Motion by electronic filing on all counsel of record in this case.

/s/Anthony Marchetti
Anthony Marchetti