## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAM HARGROVE, ANDRE HALL, MARCO EUSEBIO, HENDERSON CLARKE, MANUEL ESTRADA, WILFREDO ROSARIO, FRANCISCO BAUTISTA, ALEJANDRO SERRANO, JULIO CASTILLO, ALDRIN CEVALLOS, DANTE GOMEZ, DIMITRI CELIK, GREGORIO DIAZ, JAVIER DUQUE, JUAN BRITO, KEIRON OTTLEY, MICHAEL SIMPSON, RICHARD TOUSETT, and UCHA BARBAKADZE, individually and on Behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SLEEPY'S LLC <br><br> Defendant. | CIVIL ACTION <br><br><br> No.: 3:10-CV-01138-PGS-LHG <br><br><br><br> CLASS ACTION <br><br><br><br> LEAVE TO FILE GRANTED ON MAY 10, 2019 (ECF NO. 239) |

## **AMENDED COMPLAINT**

Plaintiffs, on their own behalf and on behalf of all others similarly situated, state and allege to the best of their knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the following:

1

# INTRODUCTION: NATURE OF THIS ACTION

1. This is a lawsuit brought by current and former home delivery drivers who work for Sleepy's LLC ("Sleepy's") a New York based bedding sales and delivery company, that operates a delivery facility in Robbinsville, New Jersey.

2. Sleepy's delivers its products to customers' homes as a core element of its business.

3. As a condition of engagement/employment, Sleepy's requires its delivery drivers to sign a contract, titled "Independent Driver Agreement" ("IDA") that purports to set forth the drivers' and the company's respective rights and obligations.

4. The critical feature of the agreement is its misclassification of the drivers as "independent contractors." Pursuant to that classification, Sleepy's requires that the drivers personally buy or lease delivery vehicles, pay for maintenance, fuel and liability insurance and absorb other costs of Sleepy's operations normally paid by employers.

5. In addition, based on that misclassification, Sleepy's does not provide unemployment or workers' compensation insurance or other state-mandated employee benefits, nor does it make Federal Insurance Compensation Act (FICA) contributions or provide any of the ERISA benefits - notably health insurance

and 401k pension - that it makes available to its acknowledged employees.

6. Despite the classification of the drivers as "independent" contractors, Sleepy's retains control and actually controls the manner and means of every material aspect of its drivers' work obligations. Accordingly, notwithstanding the contract classification, Sleepy's drivers are employees under state and federal law, and are entitled to the same protection and benefits as all of its other employees.

7. This lawsuit, brought on behalf of the above-named Plaintiffs and all others similarly situated, seeks a determination that Sleepy's drivers arc, in fact employees, entitled to the same range of protections and benefits as all other employees. Plaintiffs assert common law claims, state law claims, and federal claims under the Employment Retirement Income Security Act ("ERISA").

## Jurisdiction and Venue

8. This Court has personal jurisdiction over Plaintiffs and the class they seek to represent because they are citizens of State of New Jersey and/or work in the State of New Jersey.

9. The Court has personal jurisdiction over Defendant Sleepy's LLC because it does business in the State of New Jersey and its conduct in the State of New Jersey underlies all of the claims in this lawsuit.

10. This Court also has subject matter jurisdiction in diversity pursuant to 28 U.S.C. § 1332.

11.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) (in that the matter in controversy exceeds $5 million exclusive of interest and costs and this is a Class action in which members of the Class reside in states that are different than the state in which the Defendant resides).

12.     Venue is appropriate in this district in that the Defendant has active operations and a terminal here, many of the events that give rise to this lawsuit occurred here, and this is the most convenient forum.

## Parties

13.     Plaintiff Sam Hargrove resides in Willingboro, Burlington County, New Jersey. Hargrove worked as a Sleepy's driver during 2008.

14.     Plaintiff Andre Hall resides in Pennsauken, Camden County, New Jersey. Hall worked as a Sleepy's driver from 2005 until 2008.

15.     Plaintiff Marco Eusebio resides in Fairview, Bergen County, New Jersey. Eusebio worked as a Sleepy's driver from June 2003 until September 2009.

16.     Plaintiff Henderson Clarke resides in Vorhees, Camden County, New Jersey. Clarke contracted with Sleepy's and worked full-time as a Sleepy's delivery driver out of its facility in Robbinsville, New Jersey from approximately 2004 to 2015.

17.     Plaintiff Manuel Estrada resides in Levittown, Pennsylvania. Estrada

contracted with Sleepy's and worked full-time as a Sleepy's delivery driver from 2013 to December 2016.

18.     Plaintiff Wilfredo Rosario resides in Palm Bay, Florida. Rosario contracted with Sleepy's and worked full-time as a Sleepy's delivery driver out of its facility in Robbinsville, New Jersey from approximately March 2005 to August 2015.

19.     Plaintiff Francisco Bautista resides in Elizabeth, Union County, New Jersey. Bautista contracted with Sleepy's and worked full-time as a Sleepy's delivery driver out of its facility in Robbinsville, New Jersey from approximately 1996 to December 2016.

20.     Plaintiff Alejandro Serrano resides in Davenport, Florida. Serrano contracted with Sleepy's and worked full-time as a Sleepy's delivery driver out of its facility in Robbinsville, New Jersey from approximately 2001 to December 2015.

21.     Plaintiff Julio Castillo resides in Davenport, Florida. Castillo contracted with Sleepy's and worked full-time as a Sleepy's delivery driver out of its facility in Robbinsville, New Jersey from approximately 2008 to 2015.

22.     Plaintiff Aldrin Cevallos resides in Elizabeth, Union County, New Jersey. Cevallos contracted with Sleepy's and has worked full-time as a Sleepy's delivery driver out of its facility in Robbinsville, New Jersey from approximately 2008 to June 2018.

23. Plaintiff Dante Gomez resides in Toms River, Ocean County, New Jersey. Gomez contracted with Sleepy's and worked full-time as a Sleepy's delivery driver out of its facility in Robbinsville, New Jersey from approximately 2005 to 2016.

24. Plaintiff Dimitri Celik resides in Little Falls, Passaic County, New Jersey. Celik contracted with Sleepy's and worked full-time as a Sleepy's delivery driver out of its facility in Robbinsville, New Jersey from approximately 2008 to 2017.

25. Plaintiff Gregorio Diaz resides in Elizabeth, Union County, New Jersey. Diaz contracted with Sleepy's and worked full-time as a Sleepy's delivery driver out of its facility in Robbinsville, New Jersey from approximately 1997 to 2013.

26. Plaintiff Javier Duque resides in Wharton, Morris County, New Jersey. Duque contracted with Sleepy's and worked full-time as a Sleepy's delivery driver out of its facility in Robbinsville, New Jersey from approximately 2007 to 2008.

27. Plaintiff Juan Brito resides in Elizabeth, Union County, New Jersey. Brito contracted with Sleepy's and worked full-time as a Sleepy's delivery driver out of its facility in Robbinsville, New Jersey from approximately 1998 to 2016.

28. Plaintiff Keiron Ottley resides in East Orange, Essex County, New Jersey. Ottley contracted with Sleepy's and worked full-time as a Sleepy's delivery

driver out of its facility in Robbinsville, New Jersey from approximately 2007 to 2018.

29. Plaintiff Michael Simpson resides in Sicklerville, Camden County, New Jersey. Simpson contracted with Sleepy's and worked full-time as a Sleepy's delivery driver out of its facility in Robbinsville, New Jersey from approximately 2007 to 2011.

30. Plaintiff Richard Tousett resides in Pennsauken, Camden County, New Jersey. Tousett contracted with Sleepy's and worked full-time as a Sleepy's delivery driver out of its facility in Robbinsville, New Jersey from approximately 2007 to 2011.

31. Plaintiff Ucha Barbakadze resides in Brooklyn, New York. Barbakadze contracted with Sleepy's and worked full-time as a Sleepy's delivery driver out of its facility in Robbinsville, New Jersey from approximately 2007 to 2008.

32. Defendant Sleepy's, LLC is a Delaware corporation whose headquarter are in Hicksville, New York. Sleepy's operated a warehouse in Robbinsville, New Jersey and operated numerous retail stores throughout New Jersey. Defendant Mattress Firm, Inc. purchased Sleepy's, LLC in February 2016. Sleepy's continued to do business under its own name until approximately October 2016, when Sleepy's was renamed Mattress Firm.

## Facts Common to All Counts

33.     The named Plaintiffs are part of a group of approximately 193 delivery drivers who contracted with Sleepy's to provide delivery services and performed delivery services personally on a full-time basis out of a Sleepy's facility in Robbinsville, New Jersey.

34.     All of these drivers are required, as a condition of employment, to sign the IDA, an example of which is attached to this Complaint as Exhibit "A."

35.     The contract asserts that the drivers work for Sleepy's as independent contractors.

36.     Pursuant to the IDA, which purportedly characterizes the drivers as independent contractors, Sleepy's requires that the drivers buy or lease their own vehicles and further requires that they pay for their own fuel, insurance and maintenance. Sleepy's does not contribute to the drivers' Social Security payments, does not offer health or retirement benefits that it otherwise makes available to its other acknowledged employees and does not withhold any monies to pay for the drivers' taxes.

37.     The drivers are supposed to be paid a contract, flat rate per delivery zone, although Sleepy's as a regular practice breaches this provision by requiring travel in more than one zone, but Sleepy's only pays for one zone.

38.     Notwithstanding the contract's characterization, the drivers exercise

virtually no independent control over their own work life and therefore they are employees and should be properly classified as such.

39.     For example, the drivers do not work for Sleepy's "from time to time," on a non-exclusive basis, as paragraph two of the contract reads. They work full-time for Sleepy's, are required to wear Sleepy's uniforms, adhere to Sleepy's grooming standards and required to display Sleepy's advertising on their vehicle upon Sleepy's request.

40.     The Sleepy's drivers are not involved in the negotiation and/or arrangement between Sleepy's and its customers over pick up, delivery times, and other requirements. Sleepy's makes all the arrangements and then dispatches its drivers once the arrangements are complete. As a practical matter, Sleepy's drivers are not able to deliver for other companies, as they are not permitted to transport for any other company, until all work that Sleepy's assigns is complete.

41.     The drivers are required to keep cell phones, Sleepy's scanners and a GPS with them at all times so that Sleepy's can contact them on the road to make changes to their pickup and delivery schedule.

42.     There is no independent entrepreneurial opportunity for the drivers and no business to grow. The drivers have no proprietary interests; therefore, the drivers do not own a route and their income is totally dependent upon their delivery schedule that is completely controlled by Sleepy's.

43. Sleepy's maintains a set of mandatory requirements to which all of its drivers must adhere. If the drivers fail to follow the multitude of rules, regulations and policies, Sleepy's threatens to discipline or actually disciplines the drivers, including termination at will.

44. The drivers exercise no independent business judgment in the performance of their jobs, nor do they have an opportunity to do so. Sleepy's retains for itself the right to control

45. Sleepy's knows that it had improperly misclassified its drivers as independent contractors when they had every characteristic of common law employees, and yet Sleepy's persists in misclassifying its drivers.

46. The incorrect characterization of the drivers as independent contractors is not a benign mistake. It costs all of the Sleepy's drivers, including the named Plaintiffs, in at least the following ways, but not by way of limitation:

- Sleepy's does not consider the drivers eligible to participate in its retirement and health insurance benefits packages;
- The drivers are not paid for their hours required on the job;
- The drivers are not paid for their overtime work;
- The drivers are required to pay their own workers' compensation insurance;
- Sleepy's does not pay unemployment insurance, does not make Federal Insurance Compensation Action contributions and does not provide meal, break and rest periods for the drivers; and
- Drivers are required to purchase or lease vehicles and maintain them at their own expense.

## **Class Allegations**

47. Plaintiffs bring this lawsuit on their own behalf and on behalf of the following described Class:

> Each person who, at any time between six years preceding the commencement of this lawsuit and the date on which a Class is certified, contracted as a driver for Sleepy's and was classified by Sleepy's as an independent contractor.

48. The Class numbers well into the hundreds and accordingly joinder of its members is impracticable. Nevertheless, the Class is not so large to make administration of this lawsuit impracticable. Sleepy's has all the records necessary to identify all Class members and to calculate their recoveries.

49. The named Plaintiffs are members of the Class and share with the Class common questions of law and fact, including whether Sleepy's has correctly classified its drivers as independent contractors; whether Sleepy's breaches the standardized Sleepy's contract; whether the drivers - as common law employees - are eligible to participate in Sleepy's health and pensions plans; whether Sleepy's and the drivers made a mutual mistake in executing a contract that classified the drivers as independent contractors, among others.

50. The claims of the named Plaintiffs are typical and representative of the claims of the Class they seek to represent. The named Plaintiffs have suffered the same type of financial losses as other Class members.

51.     Plaintiffs will fairly and adequately represent the Class. There are no conflicts that compromise their ability to represent the Class and they have retained experienced lawyers who are well versed in independent contractor/employee issues and Class action litigation.

52.     Plaintiffs, on behalf of the Class, seek predominantly injunctive relief-namely the correct characterization of the drivers – and accordingly certification under Fed. R. Civ. P. 23(b)(2) is appropriate.

53.     In the alternative, this Court may certify an issue class to resolve the question of whether the class members were misclassified as independent contractors pursuant to Fed. R. Civ. P. 23(c)(4).

54.     Common questions predominate in this dispute and a Class action is the superior way to resolve this dispute.

## Legal Claims[1]

### Count 1 – Violation of the New Jersey Wage Payment Law

55.     Plaintiffs restate the above paragraphs as if fully set forth herein at

---

[1]     Plaintiffs do not bring any new claims in this Amended Complaint. While not brought as a separate count in the original complaint, this Court has already held that Plaintiffs adequately alleged a separate claim for overtime pay under the New Jersey Wage and Hour Law in the original complaint. See ECF No. 130. For clarity, Plaintiffs have now stated a separate count for overtime below.

Moreover, while this Court has dismissed Plaintiffs claims under the Employment Retirement Income Security Act ("ERISA"), and that count has been removed from this Amended Complaint, Plaintiffs have informed the Court that they plan on pressing this claim on appeal.

Furthermore, in briefing summary judgment, Plaintiffs acknowledged that they would not pursue their claims under the Family Medical Leave Act, and that their breach of contract claims were effectively subsumed in their claims under the New Jersey Wage Payment Law. See ECF

length.

56.     Sleepy's is an employer within the meaning of the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1(a).

57.     Plaintiffs and each Class member are employees within the meaning of N.J.S.A. 34:11-4.1(b).

58.     Sleepy's has paid to the Plaintiffs compensation for their services that are wages within the meaning of N.J.S.A. 34:11-4.1(c).

59.     Sleepy's has withheld and diverted from the Plaintiffs' wages amounts for various "charge-backs" and for other expenses.

60.     Sleepy's withheld and diverted the wages of the Plaintiffs as set forth above in violation of N.J.S.A. 34:11-4.4 et. seq.

61.     The Independent Driver Agreement as described herein violates the Wage Payment Law, and is unlawful, null and void pursuant to N.J.S.A. 34:11-4.7.

62.     Pursuant to N.J.S.A. 34:11-4.7, Plaintiffs and other Class members have a private right of action against Sleepy's, their employer, for the full amount of wrongfully withheld or diverted wages.

### Count 2 – Violation of the New Jersey Wage and Hour Law

63.     Plaintiffs restate the above paragraphs as if fully set forth herein at

---

No. 151 at p. 4, n. 2.  Thus, those counts no longer appear in the complaint.

length.

64. Sleepy's is an employer within the meaning of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a1.

65. Plaintiffs and each Class members are employed by Sleepy's pursuant to the New Jersey Wage and Hour Law, N.J.S.A. 3411-56a1.

66. At all relevant times, Plaintiffs and each Class member were owed one-and-one-half times their regular hourly rate of pay for each hour they worked for Sleepy's in excess of 40 hours in any workweek. N.J.S.A. 34:11-56a4.

67. Plaintiffs and each Class member do not fall under any exemption for the payment of overtime at the regular hourly rate pursuant to the New Jersey Wage and Hour Law.

68. By failing to pay Plaintiffs and each Class member one-and-on-half times their regular hourly rate for all hours worked in excess of 40 hours in each workweek, Sleepy's violated the New Jersey Wage and Hour Law. N.J.S.A. 34:11-56a.

69. Pursuant to N.J.S.A. 34:11-56a25, Plaintiffs and other Class members have a private right of action against Sleepy's, their employer, for the full amount of wrongfully withheld overtime wage.

### Count 3 – Mistake

70. Plaintiffs restate the above allegations as if fully set forth herein at

length.

71. While Plaintiffs assert that Defendant knew of the misclassification, even if it does not intentionally misclassify the drivers, its actions are actionable.

72. At the outset, even if neither party intended the drivers to be common law employees of Sleepy's, because of the level of control retained and imposed by Sleepy's, the drivers are actually employees and not independent contractors.

73. Accordingly, the contract should be reformed to reflect the fact that the drivers are employees of Sleepy's and entitled to be treated in all respects like all other Sleepy's employees. This reformation should include the requirement that the drivers be entitled to participate in Sleepy's health and pension plans, and further that Sleepy's should be required to cover those Sleepy's business expenses that the drivers have been forced to cover, including, but not limited to the purchase of trucks.

## Count 4 - Rescission of Operating Agreement

74. Plaintiffs hereby incorporate by reference paragraphs 1 through 45 of this Complaint as if fully set forth herein.

75. Despite the express terms of the IDA, Plaintiffs' relationship with Sleepy's satisfies every aspect of the test for employment, and not for independent contractor status, as set forth in the preceding allegations. Specifically, Sleepy's maintains to itself the right to control and actually controls the methods, manner

and means of Plaintiffs' work.

76. The IDA illegally and unfairly advantages Sleepy's, by mischaracterizing the status of the Plaintiffs, in that Sleepy's evades employment related obligations, such as social security contributions, workers' compensation coverage, and state disability and unemployment compensation, illegally shifting the expense of workers' compensation coverage and other expenses to Plaintiffs.

77. The IDA between Sleepy's and each Plaintiff and member of the Class is void as being illegal and/or against public policy and therefore unenforceable, as it fails to recognize the employment status of the Plaintiffs and the Class members, and denies Plaintiffs the benefits of employment.

78. The IDA between Sleepy's and each Plaintiff is an unconscionable contract of adhesion, which is unenforceable as contrary to public interest, policy and law.

53 The IDA illegally shifts upon Plaintiffs the burden of certain costs that an employer must pay and provides for unlawful wage deductions.

79. While acting on the direct instruction of Sleepy's and discharging their duties for Sleepy's, Plaintiffs and the Class Members incurred business expenses for, *inter alia,* the purchase or lease, maintenance, operating costs and adornment of vehicles; insurance; and uniforms. Plaintiffs and the Class Members incurred these substantial expenses as a direct result of performing

their job duties.

80. By misclassifying its employees as "independent contractors," and further by contractually requiring those employees to pay Sleepy's own expenses, Sleepy's has been unjustly enriched.

81. As a direct and proximate result of Sleepy's conduct, Sleepy's has received substantial benefits to which it had no entitlement, at Plaintiffs and the Class Members' expense. This includes lost profits, self-employment taxes, premiums for insurance to replace workers compensation and disability benefits, business expenses, helpers, and other expenses.

82. Plaintiffs are entitled to compensation for all of the business expenses they were illegally and improperly required by Sleepy's to bear, for all of the employment taxes, unemployment compensation and workers compensation the Sleepy's should have, but did not pay, and Plaintiffs are entitled to the quantum meruit value of their services as employees.

WHEREFORE, Plaintiffs, individually and on behalf of all drivers similarly situated, respectfully request that the Court order the following:

A. Certification of the described Class with the named Plaintiffs as the Class representatives;

B. Judgment in their favor and against the Defendant awarding compensatory, exemplary, statutory, liquidated and punitive damages;

C. An Order reforming the Sleepy's contract to and declaring that drivers are in fact employees of Sleepy's and are therefore entitled to all wages, payments and benefits to which other Sleepy's employees are entitled;

D. An Order requiring Sleepy's to pay all damages, including reimbursement for all wages unlawfully withheld, including for failure to pay overtime, and any applicable penalties under the New Jersey wage laws; and

E. All other relief to which Plaintiffs and the Class may be entitled, including but not limited to attorneys' fees, costs and prejudgment interest.

## JURY DEMAND

Pursuant to Rule 38(b), federal Rules of Civil Procedure, Plaintiffs demand trial by jury for all of the issues pled in this Complaint so triable.

Respectfully submitted,

PLAINTIFFS SAM HARGROVE, ANDRE HALL, AND MARCO EUSEBIO,

By their attorneys,

/s/Anthony L. Marchetti, Jr.
Anthony L. Marchetti, Jr. (ALM4302)
MARCHETTI LAW, P.C.
900 N. Kings Highway, Suite 306
Cherry Hill, NJ 08034
(856) 414-1800

        amarchetti@marchettilawfirm.com

        /s/Benjamin J. Weber
        Harold L. Lichten
        (admitted pro hac vice)
        Benjamin J. Weber
        (admitted pro hac vice)
        LICHTEN & LISS-RIORDAN, P.C.
        729 Boylston St. Suite 2000
        Boston, MA 02116
        (617) 994 5800
        hlichten@llrlaw.com
        bjweber@llrlaw.com

DATED: June 3, 2019

## CERTIFICATE OF SERVICE

      I hereby certify that on June 3, 2019, I served a copy of this Motion by electronic filing on all counsel of record in this case.

        /s/Anthony Marchetti
        Anthony Marchetti