# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SAM HARGROVE, et al., individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**SLEEPY'S, LLC,**<br><br>**Defendant.** | **CIVIL ACTION NO.: 3:10-cv-01138-PGS-LHG** |

## SETTLEMENT AGREEMENT AND RELEASE

1.      This Settlement Agreement and Release (the "Settlement Agreement," "Settlement" or "Agreement") is entered into between Plaintiffs Sam Hargrove, Andre Hall, and Marco Eusebio ("Plaintiffs"), individually and on behalf of all Settlement Class Members, and Defendant Sleepy's, LLC ("Defendant" or "Sleepy's").

## RECITALS

2.      Plaintiffs initially filed this case as a class and collective action alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), Family and Medical Leave Act ("FMLA"), New Jersey Wage Payment Law ("WPL"), and various state and common law claims relating to the Plaintiffs' allegation that Sleepy's misclassified them as non-employees, in the United States District Court for the District of New Jersey on March 4, 2010. *See Hargrove, et al v. Sleepy's, LLC*, No. 3:10-cv-01138-PGS-LHG. (ECF No. 1). In 2010 and 2011, the parties engaged in extensive discovery concerning (1) each Plaintiff's substantive claims and (2) issues related to class certification. On March 29, 2012, the District Court granted Sleepy's motion for summary judgment as to all counts.

3.      Plaintiffs appealed the District Court's March 29, 2012 order granting summary judgment in Sleepy's favor. During the appeal, the Third Circuit certified to the Supreme Court of New Jersey the question of which test a court should apply to determine a plaintiff's employment status for the purposes of the WPL and the New Jersey Wage and Hour Law ("WHL"). On January 14, 2015, the New Jersey Supreme Court held that the "ABC test" test applies. On May 12, 2015, the Third Circuit issued a judgment vacating summary judgment in Sleepy's favor and remanding the lawsuit for the District Court to evaluate Plaintiffs' claims that they were misclassified by applying the ABC test.

4.      Following an additional period of discovery, on October 26, 2016, the District Court granted Plaintiffs' motion for partial summary judgment as to their employee status under

1

the WHL and WPL. On May 19, 2017, Plaintiffs moved to certify a class of individuals who (1) worked full-time making deliveries for Sleepy's and thus were misclassified as independent contractors; (2) were subject to improper deductions; and (3) worked over 40 hours per week without being paid over-time (time-and-a-half). The District Court denied Plaintiffs' motion on February 28, 2018 because Plaintiffs could not prove ascertainability.

5. Plaintiffs again moved for class certification, on April 25, 2018. The District Court denied Plaintiffs' renewed motion on May 10, 2019. Plaintiffs filed an Amended Complaint in the District Court on June 3, 2019. Plaintiffs appealed the District Court's decision and on September 9, 2020, the Third Circuit reversed the District Court's denial of Plaintiffs' motion, held that Plaintiffs' proposed class of 111 individuals was ascertainable, and remanded the case to the District Court for further proceedings.

6. The Parties participated in a mediation on April 20, 2021. The case did not resolve.

7. On May 6, 2021, Sleepy's sought default judgment on the third-party claims asserted against the named plaintiffs' delivery companies. On May 14, 2021, Sleepy's moved for partial judgment on the pleadings and to dismiss the Plaintiffs' Amended Complaint for lack of subject matter jurisdiction. On May 20, 2021, Plaintiffs moved for class certification.

8. On March 2, 2022, the District Court denied Sleepy's motions and granted Plaintiffs' motion for renewed class certification. In its ruling, the Court noted that two claims remained: the WPL and WHL claims arising under New Jersey state law. On March 15, 2022, Sleepy's filed a Rule 23(f) petition seeking to appeal the District Court's order granting class certification to the Third Circuit and, on March 18, 2022, moved for the District Court to stay proceedings pending the resolution of Sleepy's Rule 23(f) petition. On May 23, 2022, the Third Circuit granted Sleepy's 23(f) petition.

9. On June 12, 2023, the Third Circuit held that the District Court did not abuse its discretion by certifying a class. The Parties agreed to mediate with Dennis Clifford, Esq. shortly thereafter.

10. Class Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in the Action. In agreeing to this Settlement Agreement, Plaintiffs have considered (a) the facts developed during the Parties' discovery and mediation process and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Plaintiffs have concluded that this Settlement is fair, reasonable and adequate, and it is in the best interests of Plaintiffs and the Settlement Class (as defined below) to settle their claims under the terms set forth herein.

11. Defendant denies any wrongdoing.

12. This Settlement Agreement reflects a compromise of disputed claims reached after arm's-length negotiations facilitated by a neutral third-party. Nothing in this Settlement Agreement is evidence, an admission, or a concession of, the truth or validity of any substantive or procedural allegation by Defendant or any of the Released Parties.

13. The Parties also recognize that notice to the Settlement Class of the material terms, and Court approval of this Settlement, are required to effectuate the Settlement, and the Settlement will not become operative until the Court grants final approval of it, the Settlement becomes Final, and the Settlement Effective Date occurs.

14. In exchange for (i) the dismissal of the Action and claims asserted therein with prejudice; (ii) the entry of the Final Approval Order; (iii) the settlement and release of all Released Claims as defined in this Agreement; and (iv) the other terms and conditions of this Agreement, Sleepy's has agreed to pay up to an amount not to exceed the Gross Settlement Amount.

15. This settlement is conditioned on the following material terms: (i) the Court's entry of a Final Approval Order granting final approval of this settlement and dismissal with prejudice of this lawsuit and the claims asserted therein under the terms set forth herein; and, (ii) passage of the Effective Date.

16. In consideration of the good and valuable consideration referred to herein, the receipt and sufficiency of which is acknowledged by each party to the other, IT IS HEREBY AGREED, between the undersigned, subject to the final approval of the Court and the other conditions set forth herein, that Plaintiffs and the Settlement Class Members' (as defined below) claims as described herein and set forth in the Complaint against Defendant will be settled, compromised and dismissed, on the merits and with prejudice, and that the Participating Class Members' Released Claims (as defined below) will be finally and fully compromised, settled and dismissed as to Defendant and Released Parties, in the manner and upon the terms and conditions set forth below.

## **DEFINITIONS**

17. These terms used in this Settlement Agreement will have the meanings ascribed to them below:

    a. "Action" means the above captioned Action.

    b. "Class Counsel" means Anthony Marchetti of Marchetti Law, P.C. and Harold Lichten of Lichten & Liss-Riordan, P.C.

    c. "Court" means the United States District Court for the District of New Jersey.

    d. "Defendant" means Sleepy's, LLC.

    e. "Defendant's Counsel" means Matthew J. Hank, Paul C. Lantis, and Theo E.M. Gould of Littler Mendelson.

    f. "Effective Date" means the later of (1) the Court's entry of an order granting final approval of the settlement dismissing this Action and claim asserted therein with prejudice; (2) the expiration of the appeal rights of the Parties and Settlement Class Members (which, if no timely notice of appeal is filed, will be deemed to be 30 days following entry of the order dismissing the Civil Action with prejudice; and (3) if a timely appeal is made, 5 days following

3

the date of the final resolution of that appeal and any subsequent appeals or related proceedings resulting in final judicial approval of the settlement.

  g. "Final" will mean, with respect to a judgment or order, that the judgment or order is final and appealable and either (a) no appeal, motion, or petition to review or intervene has been taken with respect to the judgment or order as of the date on which all times to appeal, move, or petition to review or intervene therefrom have expired, or (b) if an appeal, motion or petition to intervene or other review proceeding of the judgment or order has been commenced, such appeal, motion or petition to intervene or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing *en banc*, petitions for writ of certiorari or otherwise, and such appeal or other review has been finally resolved in such manner that affirms the judgment or order in its entirety.

  h. "Fee and Cost Payment" means, subject to Court approval, the attorneys' fees and costs to be paid to Class Counsel for the services they rendered Plaintiffs and the Participating Class Members in the Action, as approved by the Court.

  i. "Final Approval" or "Final Approval Order" means the Court's Final Approval Order. The proposed Final Approval Order that will be submitted to the Court with Named Plaintiffs' Unopposed Motion For Final Approval is attached as **Exhibit C**.

  j. "Final Approval Hearing" means the hearing to be held by the Court to consider the final approval of the Settlement. The Final Approval Hearing will be scheduled to occur no less than 100 days following the date of the Preliminary Approval Order.

  k. "Gross Settlement Amount" means the maximum amount of money to be paid by Defendant in connection with this Agreement and settling this Action. The Gross Settlement Amount is Four Million and Five Hundred Thousand Dollars and No Cents ($4,500,000.00). Defendant will not have to pay more than the Gross Settlement Amount to satisfy its obligations under this Agreement; if the total of Defendant's obligations are determined to exceed the Gross Settlement Amount, then all payment obligations under this Agreement will be reduced on a *pro rata* basis until the total obligation is no more than the Gross Settlement Amount. Notwithstanding the above, in addition to the Gross Settlement Amount, Defendant will separately pay its own attorneys' fees and costs.

  l. "Net Settlement Amount" means the Gross Settlement Amount less plaintiffs' attorneys' fees, costs, and service awards. These amounts are subject to the Court's approval.

  m. "Notice Deadline" means the date forty-five (45) days after the Settlement Notices are initially mailed by the Settlement Administrator as provided for in this Agreement. Except as otherwise provided in this Agreement, Settlement Class Members will have until the Notice Deadline to object to or exclude themselves from the Settlement.

  n. "Parties" means the parties to this Agreement, Plaintiffs and Defendant.

  o. "Participating Class Members" means (i) the original three Plaintiffs; (ii) Settlement Class Members who do not exclude themselves from the Settlement; and (iii) the

Plaintiffs who joined the litigation including: Henderson Clarke, Manuel Estrada, Wilfredo Rosario, Francisco Bautista, Alejandro Serrano, Julio Castillo, Aldrin Cevallos, Dante Gomez, Dimitri Celik, Gregorio Diaz, Javier Duque, Juan Brito, Keiron Ottley, Michael Simpson, Richard Tousett, and Ucha Barbakadze.

   p. "Plaintiffs" means Sam Hargrove, Andre Hall, Marco Eusebio.

   q. "Preliminary Approval" or "Preliminary Approval Order" means the Court's Preliminary Approval Order preliminarily approving the terms of this Agreement, authorizing notice of the settlement to the Settlement Class Members, and setting a date for a Final Approval Hearing. The proposed Preliminary Approval Order that will be submitted to the Court with Plaintiff's unopposed motion for preliminary approval is attached as **Exhibit B**.

   r. "Qualified Settlement Fund" or "QSF" means the account established by the Settlement Administrator and funded by the Defendant for the purpose of holding the Gross Settlement Amount. The QSF will be controlled by the Settlement Administrator subject to the terms of this Agreement and the Court's orders regarding approval.

   s. "Released Parties" means Defendant and its predecessors, successors (including HMK Mattress Holdings), present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, members, shareholders, employees, general partners, limited partners, owners, beneficiaries, representatives, heirs, attorneys, assigns (including without limitation, any investors, trusts, or other similar or affiliated entities), joint venturers, benefit plans and plan administrators, and all persons acting by, through, under, or in concert with, any of the aforementioned individuals or entities, including any person or entity that was or could have been named as a defendant in the Action.

   t. "Reserve Fund" means a reserve fund of $20,000 from the Gross Settlement Amount, held for payment of valid claims at the Parties' agreement, with a mediator to resolve any disputes, for individuals who make late claims or disputed claims or may come forward during the notice process and claim to have been improperly excluded from the class. All unused reserve amounts are to be reallocated to Participating Class Members after Final Approval and before distributions to Participating Class Members.

   u. "Service Award" means that portion of the Gross Settlement Amount (up to no more than Eighty Thousand Dollars ($80,000.00) to be paid among Plaintiffs Sam Hargrove, Andre Hall, and Marco Eusebio for their efforts in bringing and prosecuting this matter on behalf of Settlement Class Members and for their broader release of claims for Defendant, as approved by the Court.

   v. "Settlement Administrator" means Simpluris, an agreed upon settlement administrator subject to an RFP process. The Settlement Administrator has agreed to perform all services required by the Agreement for $15,000.00, subject to Court approval, to be paid from the Gross Settlement Amount.

   w. "Settlement Award" means the payment that each Participating Class Member may receive under this Agreement. Participating Class Members will not have to submit

5

a claim form to receive a Settlement Award.

    x. "Settlement Class" or "Settlement Class Members" means all individuals who signed an Independent Driver Agreement with Sleepy's and whose carriers operated one truck and made deliveries out of Sleepy's facility in Robbinsville, New Jersey. There are a total of 111 Settlement Class Members.

    y. "Settlement Notice" means the Notice of Class Action Settlement to the Settlement Class, substantially in the form as **Exhibit A** attached hereto or as approved by the Court.

## RELEASES

  18. **Participating Class Members' Released Claims**. Upon the Effective Date of the Settlement Agreement, all Participating Class Members will release and discharge all Released Parties from of all known and unknown claims and, demands, and causes of action that were asserted at any time, or that could have been asserted, in the lawsuit. These claims include, but are not limited to, claims for overtime compensation, straight time, and minimum wages; liquidated damages, penalties, interest, fees/costs, and any other relief otherwise available under the WHL and WPL; any claims, demands, and causes of action seeking relief otherwise available under the WHL and WPL; any claims, demands, and causes of action that could have been asserted in the lawsuit based upon the facts alleged in the operative complaint, including any state/local laws and regulations and common law theories under New Jersey law, including wage payment/deduction and notice claims such as under the WHL and WPL between January 1, 2005 through December 31, 2016.

  19. **Plaintiffs' General Release of Claims.** In exchange for the Service Award, and in addition to the Released Claims as applicable in Paragraph 16 and upon the Effective Date of the Settlement Agreement, Plaintiffs agree to release and discharge Defendant and all other Released Parties finally, forever and with prejudice, from any causes of action, claims, rights, damages of any nature, penalties, liabilities, expenses, losses, and issues of any kind or nature, whether known or unknown, that Plaintiffs have or may have had against Sleepy's and the Released Parties that arose before the date on which he executed this Agreement ("General Release"). This General Release includes without limitation any claims that were or could have been asserted in the Complaint, based on the facts alleged, for alleged violations of the WHL and WPL, as well as any claims for unpaid wages, overtime compensation, liquidated or other damages, retaliation, compensatory damages, unpaid costs, restitution or other compensation or relief arising under applicable wage and hour laws, as well as any claims, whether in law or equity, known or unknown, against Released Parties relating to Plaintiffs' employment (or alleged employment or joint employment) or termination of employment, including but not limited to claims arising under the Americans with Disabilities Act, National Labor Relations Act, Equal Pay Act, Employee Retirement Income Security Act of 1974, the Worker Adjustment and Retraining Notification Act and its state counterparts, Title VII of the Civil Rights Act of 1964, the Vocational Rehabilitation Act of 1973, the Civil Rights Act of 1866, 1871, and 1991, including Section 1981 of the Civil Rights Act, the Family and Medical Leave Act, Coronavirus Aid, Relief, and Economic Security Act, and/or any other federal, state, or local law, statute, regulation, constitution, ordinance, and/or public policy, contract, or tort law, or any claim of retaliation under such laws, or any claim of

breach of any contract (whether express, oral, written, or implied from any source), or any claim of unjust enrichment, intentional or negligent infliction of emotional distress ("Released Claims").

Plaintiffs acknowledge that they may have claims presently unknown based on actions that took place before the date they execute this Agreement and that the release of Plaintiffs' Released Claims in this Settlement Agreement is intended to and will fully, finally, and forever discharge all claims against Defendant and the other Released Parties, whether now asserted or not asserted, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, which if known, might have affected their decision to enter this release. Plaintiffs agree that, although they may discover facts in addition to or different from those that are known or believed to be true with respect to Plaintiffs' Released Claims, they intend to fully, finally, and forever settle and release any Plaintiffs' Released Claims, without regard to the subsequent discovery or existence of such additional or different facts.

20.     Plaintiffs and Participating Class Members, to the fullest extent allowed by law, are prohibited from asserting any claims released by them in this Settlement, and from commencing, joining in, prosecuting, or voluntarily assisting in a lawsuit or adversarial proceeding against the Released Parties, based on claims released by them in this Settlement, including as a class member. Notwithstanding this and the foregoing Paragraphs 19 and 20, Plaintiffs and the Participating Class members do not release or waive: (i) claims arising under the Age Discrimination in Employment Act; (ii) any claim they could make for unemployment compensation or workers' compensation benefits; or (iii) any claim or right that cannot be waived as a matter of law under this Agreement and/or the Approval Order. Additionally, nothing prohibits Plaintiffs or the Participating Class members from (1) filing a claim or charge with a federal, state or local administrative agency; (2) reporting, communicating directly with or providing information, including documents, not otherwise protected from disclosure by any applicable law or privilege, to the National Labor Relations Board ("NLRB"), Securities and Exchange Commission ("SEC"), the Occupational Safety and Health Administration ("OSHA"), the Equal Employment Opportunity Commission ("EEOC"), or any other federal, state or local governmental agency or commission regarding possible legal violations, without disclosure to the Defendant, subject to the condition that once this Agreement becomes effective, Plaintiffs and the Participating Class members may not receive a monetary award in connection with any such charge or complaint that is filed on Plaintiffs' or the Participating Class members' behalf with the EEOC or state or local fair employment agency; or (3) testifying through service of a subpoena or other process.

21.     Plaintiffs affirm that they have filed no other charges, complaints, lawsuits, claims, or actions to pursue any Released Claims against Defendant or any of the Released Parties, except as disclosed in this Agreement. If there is outstanding any such charge, complaint, lawsuit, claim or action, Plaintiffs agree to execute such papers or documents as may be necessary to have it withdrawn and dismissed with prejudice.

## NOTICE AND SETTLEMENT IMPLEMENTATION

22.     The Parties agree to these procedures for obtaining Preliminary and Final Approval of the Settlement and notifying the Settlement Class of this Settlement:

    a.     **Request for Preliminary Approval Order.** Plaintiffs will prepare and file

an Unopposed Motion for Preliminary Approval of Settlement Agreement, requesting that the Court preliminarily approve the Settlement Agreement and its terms; approve the proposed form of the Settlement Notice and find that the proposed method of disseminating the Settlement Notice meets the requirements of due process and is the best notice practicable under the circumstances; set a date for Plaintiffs' motion for Final Approval of the Settlement; and set a date for the Final Approval Hearing. Plaintiffs will provide Defendant with a draft of the Unopposed Motion for Preliminary Approval of Settlement Agreement and a period of at least ten (10) days to review and comment on it before filing. The motion will be subject to the prior review and approval of Defendant's Counsel.

      b.    **Notice.** The Settlement Administrator will be responsible for preparing, printing and mailing the Settlement Notice to Plaintiffs and all Settlement Class Members.

      c.    Within fifteen (15) business days after the Court's Preliminary Approval of the Settlement, Defendant will provide, to the extent Defendant has the data reasonably available, to the Settlement Administrator an electronic list containing the (i) names; (ii) last known addresses; (iii) last known telephone numbers (if any); (iv) last known email addresses; and (v) social security numbers or tax ID numbers ("Class List"). Defendant will within fifteen (15) business days after the Court's Preliminary Approval of the Settlement provide Class Counsel with an electronic list containing items (i) and (v) of the Class List. Class Counsel agrees to use the list of Settlement Class Member names only to respond to inquiries from Settlement Class Members about this settlement or assisting the Settlement Administrator with administration of this settlement. Class Counsel will not use the list to affirmatively reach out to or solicit Settlement Class Members as clients, but may use the list to ensure participation in this Settlement as described below.

      d.    At least five (5) business days before mailing the Notice, the Class Counsel will calculate settlement shares and will provide them to Defendant's Counsel and the Settlement Administrator with estimated minimum settlement shares for each Settlement Class Member, assuming 100% participation in the Settlement, and utilizing the procedure outlined in Paragraph 32 below.

      e.    To provide the best notice practicable, before mailing the Settlement Notice, the Settlement Administrator will make reasonable efforts to identify current addresses via public and proprietary systems. Before sending the Notice, the Settlement Administrator will use the National Change of Address Database to update any addresses and will provide a copy of any updated addresses to the Parties.

      f.    **Initial Mailing**. Within no later than fifteen (15) business days after receiving the Class List, the Settlement Administrator will mail the Settlement Notice to Plaintiffs and Settlement Class Members by U.S. First Class Mail. The Settlement Administrator will notify Class Counsel and Defendant's Counsel when the Settlement Notice has been mailed.

      g.    Because some of the contact information for class members is more than 10 years old, the Notice will instruct Class Members to submit a claim form (the content of which will be agreed to by the parties prior to the submission of the Motion for Preliminary Settlement Approval) or to contact the Settlement Administrator by telephone or electronic mail with a

8

confirmation that they have received notice and that their contact information is correct at any time prior to the final approval hearing.

   h.  Any Notices returned as undeliverable will, within three (3) business days, be skip-traced (using the person's social security number) to attempt to obtain a new address and will be re-mailed by U.S. First Class Mail to any new addresses that are found.

   i.  Any Settlement Notice returned to the Settlement Administrator with a forwarding address will be re-mailed by the Settlement Administrator to the address indicated within three (3) business days following receipt of the returned mail. If any Settlement Notice is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator will undertake reasonable efforts to search for the correct address and will promptly re-mail the Settlement Notice to any newly found addresses. In no circumstance will such re-mailing extend the Notice Deadline.

   j.  In addition, 21 days prior to settlement shares being distributed, Class Counsel may work with the Settlement Administrator to call and/or email class members to ensure that their contact information is up to date.

   k.  Defendant will take no adverse action against any person because he or she is eligible to participate or participates in the Settlement. The Parties also will not discourage participation in this Settlement or encourage objections or opt-outs. Nothing in this Agreement will be construed to restrict Defendant's freedom to communicate in the ordinary course of business with people, including Settlement Class Members.

  23.  **Objections**. Settlement Class Members who wish to object to the Settlement must, on or before the Notice Deadline, submit to the Settlement Administrator a signed written statement objecting to the Settlement. Such objection will not be valid unless it includes the information specified in the Settlement Notice. The statement must be signed personally by the objector and must include the objector's name, address, telephone number, email address (if applicable), the factual and legal grounds for the objection, whether the objector intends to appear at the Final Approval Hearing, the grounds on which the objector desires to appear and be heard (if any) at the Final Approval Hearing, if the objector is represented by counsel, and the name and address of the objector's counsel (if any). The Settlement Notice will advise Settlement Class Members that objections will be considered only if the Settlement Class Member has not requested to be excluded from the Settlement. No Settlement Class Member may be heard at the Final Approval Hearing (whether individually or through counsel), unless written notice of the Settlement Class Member's intention to appear at the Final Approval Hearing has been filed with the Court and served upon Class Counsel and Defendant's Counsel on or before the Notice Deadline, and the Settlement Class Member has not requested to be excluded from the Settlement. The postmark date of mailing to Class Counsel and Defendant's Counsel will be the exclusive means for determining that an objection is timely mailed to the Settlement Administrator. If postmark dates differ, the earlier of the two postmark dates will control. Persons who fail to return timely written objections in the manner specified above will be deemed to have waived any objections and oppositions to the Settlement's fairness, reasonableness and adequacy, and they will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. None of the Parties, their counsel, nor any person on their behalf, will seek to solicit or otherwise

encourage anyone to object to the Settlement, or appeal from any order of the Court that is consistent with the terms of this Settlement, or discourage participation in the Settlement claims process. An objection may be withdrawn by sending written notice of withdrawal to the Settlement Administrator. The Settlement Administrator will deliver copies of each objection and withdrawal to Class Counsel and Defense Counsel not later than five (5) business days after receipt thereof. Class Counsel will, within fifteen (15) business days of the end of the Notice Period, file with the Court copies of all objections received.

24. **Requests for Exclusion**. Settlement Class Members, other than Plaintiffs, who do not wish to become a Participating Settlement Class member may request exclusion from the Settlement ("opt out") by mailing a written request for exclusion to the Settlement Administrator. To be effective, the written request for exclusion must contain the Settlement Class Member's full name, address, telephone number, address, email address (if applicable), the Settlement Class Member's individual signature, and an unequivocal statement that the individual requests to be excluded from the settlement. A request for exclusion may be withdrawn by sending written notice of withdrawal of a request for exclusion to the Settlement Administrator. No request for exclusion may be made on behalf of a group. Any request for exclusion must be postmarked by the Notice Deadline. The Settlement Administrator will deliver copies of each request for exclusion and withdrawal of a request to Class Counsel and Defendant's Counsel not later than five (5) business days after receipt thereof. Class Counsel will, within fifteen (15) business days of the end of the Notice Period, file with the Court copies of all requests for exclusion received.

If a Settling Class member requests to be excluded from the settlement, the individual will not be (a) entitled to any payment from this settlement; (b) entitled to object to the settlement or appeal from any orders entered in the lawsuit relating to the settlement; and (c) bound by the settlement agreement, including the release of claims in the agreement.

25. **Conflicting Submissions**. If the Settlement Administrator receives a timely request for exclusion from a Settlement Class Member who has objected to the Settlement, the document submitted later in time will control. If 15% or more of the Settlement Class Members request exclusion during the Notice Period, Defendant may elect to void this Agreement by providing written notice to Class Counsel and to the Court within fourteen (14) days after receiving notice that the above-referenced percentage threshold has been met or exceeded. If Defendant elects to void the Agreement, the Agreement will be terminated and will have no force or effect, and the Parties will not request entry of the Final Approval Order. None of the Parties, their counsel, nor any person on their behalf, will seek to solicit or otherwise encourage anyone to request exclusion from the Settlement.

26. **Weekly and Final Claim Reports**. On a weekly basis, the Settlement Administrator will provide Class Counsel and Defendant's Counsel with an accounting of the number of Notices mailed, returned as undeliverable, and re-mailed; the number of requests for exclusion received; and any other pertinent information. Additionally, within five (5) business days after the Notice Deadline, the Settlement Administrator will provide to Class Counsel and Defendant's Counsel notice of the total number of Settlement Class Members who filed timely and valid requests for exclusion from the Settlement, along with the complete copies of all requests for exclusion, including their postmark date. The Settlement Administrator will work with Class Counsel to provide a declaration for filing with the Final Approval papers.

10

27. **Final Approval Hearing.** Plaintiffs will file with the Court, under the schedule to be established in the Preliminary Approval Order, and not later than fourteen (7) calendar days before the Final Approval Hearing, an unopposed motion for entry of the Final Approval Order, seeking approval of the settlement as fair, reasonable and adequate, including approval of the Fees and Costs Payment and the Service Award. The motion will be prepared by Class Counsel and subject to the prior review and approval of Defendant's Counsel. Defendant will not oppose this motion to the extent it conforms to the terms of this Agreement. In seeking final approval of this Agreement, Plaintiffs will request that the Court issue a Final Approval Order in all material respects identical to **Exhibit C**.

## SETTLEMENT FUNDS AND AWARD CALCULATION

28. **Gross Settlement Amount**.

   a. **Deposit**. Within thirty (30) days after the Effective Date and the Settlement Administrator has provided all necessary documentation and wire transfer instructions to Defendant for the settlement account, Defendant will remit the Gross Settlement Amount to a qualified settlement fund ("QSF") set up by the Settlement Administrator. The Parties agree to the creation of a QSF and that the QSF is intended to be a "Qualified Settlement Fund" under Section 468B of the Internal Revenue Code and Treas. Reg. §1.468B-1, 26 CFR § 1.468B-1, *et seq.*, and will be administered by the Settlement Administrator as such. There will be no reversion of any portion of the Gross Settlement Amount to Defendant.

   b. **Disbursement of Settlement Funds**. Within the period(s) of time set forth below, the Settlement Administrator will make the payments under the Agreement and the Final Approval Order. If a period is not set forth below, the Settlement Administrator will make the payment within seven (7) days after the Settlement Administrator receives the payment from Defendants.

29. **Payments**. Subject to the Court's Final Approval Order, these amounts will be paid by the Settlement Administrator from the Gross Settlement Amount: The administrator may allow late filed claims, subject to the approval of all parties.

   a. **Service Award to Plaintiffs**. Subject to the Court's approval, Plaintiffs Sam Hargrove, Andre Hall, and Marco Eusebio will receive Service Awards of up to a total of $80,000 for their efforts in bringing and prosecuting this matter and in exchange for their broader release of claims. This payment will be treated as non-wage income, for which a Form 1099 will be issued. This settlement is not contingent on the Court's approval of this extra payment. If the Court awards Plaintiffs less than the amount proposed as a Service Award, this will not be a basis for voiding this Agreement; rather, the difference in the amount awarded will be re-allocated to the Participating Class members.

   b. **Fee and Cost Payment**.

       (i)    Subject to the Court's approval, Class Counsel may seek attorneys' fees of 40 percent of the Gross Settlement Amount, which will compensate Class Counsel for all

11

work performed in the Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Action. In addition, Class Counsel will, subject to Court approval, receive reimbursement of their out-of-pocket costs approved by the Court. This settlement is not contingent on the Court's approval of the Fee and Cost Payment. If the Court awards Class Counsel less than the amount proposed herein as a Fee and Cost Payment, this will not be a basis for voiding this Agreement; rather, the difference in the amount awarded will be re-allocated to the Participating Class members. Before the Effective Date, Class Counsel will provide the Settlement Administrator with the tax-payer identification number(s) for Class Counsel, executed W-9 forms, and wire transfer or delivery instructions.

(ii)     The attorneys' fees and costs paid on behalf of Defendant under this Agreement, out of the Gross Settlement Amount, will constitute full satisfaction of Defendant's obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in this Action on behalf of Plaintiffs and/or any Settlement Class Member, and will relieve Defendant from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of Plaintiffs or any Settlement Class Member. The outcome of any proceeding the Court makes as to Class Counsel's request for attorneys' fees and costs will not terminate this Agreement, and will in no instance impact the total Gross Settlement Amount.

(iii)    The Settlement Administrator will issue a Form 1099 to Class Counsel for the Fee and Cost Payment. Class Counsel will be solely and legally responsible to pay any applicable taxes on the payment made to them.

c.      **Settlement Awards to Participating Class Members**. Settlement Awards to Participating Class Members will be calculated as set forth below. The Settlement Administrator will make the payments to Participating Settlement Class members by check delivered via U.S. First Class Mail. Sleepy's, Defense Counsel, and Class Counsel will not be liable for any checks cashed by persons other than Participating Class Members.

30.     **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement**. No person will have any claim against the Settlement Administrator, Defendant, Class Counsel, or Defendant's Counsel based on distributions or payments made under this Settlement Agreement.

### CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS TO PARTICIPATING CLASS MEMBERS

31.     **Settlement Award Eligibility**. All Participating Class Members will be paid a Settlement Award without the need to submit a claim form.

32.     **Settlement Awards to Settlement Class Members.** All Settlement Class Members who do not exclude themselves from the Settlement ("Participating Class Members") will receive a Settlement Award calculated from the Net Settlement Amount:

12

      a.    The amount of $1,000 per Participating Class Member will be deducted from the Net Settlement Amount before the determination of *pro rata* individual settlement shares and allocated to each Participating Settlement Class Member so each Participating Settlement Class Member receives at least $1,000 in exchange for his or her release in this Settlement Agreement.

      b.    In addition to the $1,000 payment set out in (a) above, Participating Class Members will receive *a pro rata* portion of the Net Settlement Amount as follows:

      i.    For each Participating Class member, Class Counsel shall calculate pro rata settlement shares based on the total number of workweeks for each Class member from January 1, 2005 to December 31, 2016. Class Counsel shall total the number of workweeks for each Class member and all class members will be allocated a percentage of the Net Settlement Amount in proportion to the number of the total workweeks for the Class members.

      ii.    Any funds allocated to Settlement Class Members who do not participate (e.g. if they cannot be located or affirmatively opt out of the settlement) will be pooled together and redistributed to the Participating Class Members on a *pro rata* basis.

33.    In addition to other information on the Settlement Notice, the Settlement Notice will state the estimated minimum payment the Settlement Class Member is expected to receive assuming full participation of all Settlement Class Members.

34.    All Settlement Award determinations will be based on Defendant's data. If the Parties determine, based upon further review of available data, that a person previously identified as a Settlement Class Member is not a Settlement Class Member, or an individual who was not previously identified as a Settlement Class Member is a Settlement Class Member but was not so included, the Settlement Administrator will promptly notify the Parties of the need to make such addition or deletion as appropriate. Never, however, will such changes impact the Gross Settlement Amount.

35.    One-Hundred percent (100%) of the Settlement Awards to Participating Class Members will be considered interest and other non-wage recovery, which will not be subject to withholdings or deductions. The Settlement Administrator will issue an IRS Form 1099-MISC to each Participating Class Member for these payments.

36.    Participating Settlement Class members will be solely responsible for the reporting and payment of any federal, state and/or local income or other taxes on payments received pursuant to this Agreement. All applicable income and any other taxes will be the responsibility of the individual Participating Settlement Class member. Class Counsel and Defendant's Counsel do not intend for this Settlement Agreement to constitute legal advice relating to the tax liability of any Participating Class Member. If this Settlement Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not written or intended to be used, and cannot be used, by any person to avoid any tax liability or

penalties.

37.  The Settlement Administrator will provide to Defendant's Counsel and Class Counsel with a final report of all gross Settlement Awards at least ten (10) business days before the Settlement Awards to Participating Class Members are mailed. The Settlement Administrator will calculate tax deductions before mailing the Settlement Awards.

38.  The Settlement Administrator will mail all Settlement Awards to Participating Class Members within forty-five (45) days after the Effective Date or as soon as reasonably practicable after the deposit of the Gross Settlement Amount into the QSF. The Settlement Administrator will then provide written certification of mailing to Class Counsel and Defendant's Counsel.

39.  All Settlement Award checks will remain valid and negotiable for one hundred eighty (180) days from the date of their issuance. The Settlement Administrator will send a reminder letter via U.S. mail and email (to the extent email addresses are available) to those who have not yet cashed their settlement check after 60 days, and the Settlement Administrator may call those (to the extent phone numbers are available) who have still not cashed their check to remind them to do so within the last 60 days of the check-cashing period. The Settlement Administrator and the Parties will work cooperatively to issue replacement checks as necessary.

40.  The Settlement Administrator will be responsible for (1) any tax reporting obligations to the necessary federal, state, and local tax authorities related to payments made to Class Counsel or Participating Class Members; and (2) issuing any IRS tax forms to Class Counsel or Participating Class Members at the end of the applicable tax year.

41.  **Remaining Monies**. Within twenty (20) days after the expiration of the check-cashing period, the Settlement Administrator will stop payments on any checks issued to Participating Settlement Class members that have not been negotiated and will notify counsel for all Parties the total amount of unclaimed funds. Any remaining funds will be paid to the *cy pres* recipient agreed to by the Parties, Legal Services of New Jersey, which will be submitted to the Court for approval at the Final Approval Hearing. Participating Class members will be bound by the terms of this Agreement even if they fail to timely negotiate their checks.

42.  **Cooperation.** The Parties agree to cooperate with the Settlement Administrator and one another to the extent reasonably necessary to carry out the provisions of this Agreement. The Parties will require the Settlement Administrator to indemnify and hold harmless the Parties for and against any claims or liabilities resulting from errors or omissions in its administration of the QSF.

## MISCELLANEOUS

43.  **No Admission of Liability.** This Agreement results from a compromise of disputed claims between the Parties. This Settlement Agreement and all related documents are not and will not be construed as an admission by Defendant or any of the Released Parties of any fault or liability or wrongdoing.

44. **No Additional Contributions or Benefits.** Payments made under this Agreement are not intended to and will not (1) form the basis for additional contributions to, benefits under, or any other monetary entitlements under; (2) count as earnings or compensation regarding; or (3) be considered to apply to, or be applied for, any bonus, pension, any 401(k) and/or other retirement plans or similar programs of any of the Released Parties.

45. **No Impact On Other Agreements**. By reaching this Settlement, Sleepy's does not waive its right to enforce any otherwise enforceable arbitration agreement(s) (including but not limited to any applicable, class, collective and/or representative waiver) with Plaintiffs and any Settlement Class Member or anyone else, and this Agreement and the settlement of this action may not be used as evidence of and will not constitute waiver in any other proceeding of any applicable arbitration agreement(s).

46. **Defendant's Legal Fees.** Defendant's legal fees and expenses in this Action will be borne by Defendant.

47. **Nullification of the Settlement Agreement**. If (a) the Court does not preliminarily or finally approve the Settlement as provided herein; or (b) the Settlement does not become Final for any other reason; or (c) the Effective Date does not occur, the Parties agree to engage in follow-up negotiations with the intent of resolving the Court's concerns that precluded approval, and if feasible, to resubmit the settlement for approval within thirty (30) days. If the Settlement is not approved as resubmitted or if the Parties cannot agree, then any Party may void this Agreement; at that point, the Parties agree that each will return to their respective positions as existed on the day before this Agreement was executed, and that this Agreement will not be used in evidence or argument in any other aspect in the Action.

48. **Media and Confidentiality Obligations.** Plaintiffs and Class Counsel agree that no communications to media such as through a press release or public announcement (including social media) regarding the settlement of this case will be made by Plaintiffs or Class Counsel at any time. Further, Plaintiffs and Class Counsel will not, at any time, issue a press release or otherwise notify the media about the Settlement Agreement. Notwithstanding the foregoing, no one will be precluded from making any disclosures required by law.

49. **Inadmissibility of Settlement Agreement.** Except to settle this Action, or enforcing its terms (including that claims were settled and released), resolving an alleged breach, or for resolution of other tax or legal issues arising from a payment under this Settlement Agreement, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, will be construed as, offered or admitted in evidence as, received as, or deemed to be evidence in this or any other proceeding, for any purpose adverse to any of the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

50. **Computation of Time.** For this Agreement, if the prescribed period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday, such period will be continued to the following business day. The term "days" will mean calendar days unless otherwise noted.

15

51. **Interim Stay of Proceedings.** The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement. Further, without further order of the Court, the Parties hereto may agree in writing to reasonable extensions of time to carry out the provisions of the Settlement.

52. **Amendment or Modification.** Before the Preliminary Approval Order by the Court, this Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest. Following the Preliminary Approval Order by the Court, this Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest and must be approved by the Court. This Agreement may not be discharged except by performance under its terms or by a writing signed by the Parties hereto and approved by the Court.

53. **Entire Settlement Agreement.** This Agreement with exhibits hereto constitutes the entire Agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral are expressly superseded hereby and are of no further force and effect. Each of the Parties acknowledges that it has not relied on any promise, representation or warranty, express or implied, not in this Agreement. No rights hereunder may be waived except in writing.

54. **Authorization to Enter Into Settlement Agreement.** All Parties have been represented by counsel throughout all negotiations which preceded the execution of this Agreement. This Agreement is made with the consent and advice of counsel. Plaintiffs and Class Counsel represent that the terms of this settlement are fair, reasonable, adequate, beneficial to and in the best interest of the Settlement Class members. Plaintiffs and Class Counsel represent that they are fully authorized to enter into this Agreement and to bind Plaintiffs and the Settlement Class Members to the terms thereof. The signatories to this Agreement warrant and represent that they may enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties under this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Agreement. If the Parties cannot reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties will seek the assistance of the mediator, Dennis J. Clifford, Esq. to resolve such disagreement.

55. **Binding on Successors and Assigns.** This Agreement will be binding upon, and inure to the benefit of Plaintiffs, Defendant, the Participating Class Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize. The Parties represent, covenant and warrant they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any Released Claim, liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

56. **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile, email, and electronic signature. All executed counterparts and each of them will be deemed to be one and the same instrument. All executed copies of this Agreement and photocopies thereof (including copies transmitted by facsimile, email, or other electronic means) will have the same force and effect and will be as legally binding and enforceable as the original.

57. **Severability.** Should any provision of this Agreement be declared wholly or partially illegal, invalid, or unenforceable, the offending provision will be stricken, and all remaining provisions will remain in full force and effect and will be unaffected by such declaration.

58. **No Signature Required by Settlement Class Members.** Only Plaintiffs, Defendant, and their respective counsel will be required to execute this Settlement Agreement. The Settlement Notice will advise all Settlement Class Members of the binding nature of the release, and such will have the same force and effect as if this Settlement Agreement were executed by each Settlement Class Member.

59. **Cooperation and Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement will not be construed against any of the Parties. The Parties agree the terms of this Agreement were negotiated at arm's length and in good faith by the Parties and reflect a settlement reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

60. **Governing Law.** All terms of this Settlement Agreement and the exhibits will be governed by, interpreted, and enforced according to New Jersey law, both in its procedural and substantive aspects, and will be subject to the continuing exclusive jurisdiction of the Court.

61. **Jurisdiction of the Court.** The Court will retain jurisdiction regarding the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose. The applicable Participating Class Members' claims released by the provisions of this Settlement will be dismissed with prejudice upon Final Approval.

62. **Destruction of Litigation Documents.** The Parties recognize and agree that the Court did not order a confidentiality or protective order in this matter. As part of this Settlement, however, the Parties agree that, within twenty (20) days after the conclusion of the check cash period, Class Counsel will certify in writing that they have taken best efforts to destroy or do not otherwise retain any documents produced in this matter by Sleepy's where Sleepy's included the word "confidential" on the document as part of production, except that counsel may retain all information and materials which constitute work product, as well as documents filed publicly on the docket in this Action, and/or documents used as deposition exhibits. If documents marked "confidential" have been loaded into any litigation review database, Class Counsel will have the responsibility of ensuring that all such documents (including all associated images and native files), are extracted from such databases (including any associated staging databases) and destroyed. "Destroyed" shall mean deletion of documents from all databases, applications and/or file systems in a manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Settlement Agreement:

**PLAINTIFF:** _____ Date: _____, 2023
Sam Hargrove

**PLAINTIFF:** _____ Date: _____, 2023
Andre Hall

**PLAINTIFF:** _____ Date: _____, 2023
Marco Eusebio

**DEFENDANT:** _____ Date: _____, 2023
Sleepy's, LLC

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____ Date: _____, 2023
Harold Lichten
LICHTEN & LISS RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

_____ Date: _____, 2023
Anthony Marchetti
MARCHETTI LAW, P.C.
317 Delsea Drive
PO Box 656
Sewell, NJ 08080

**APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:**

_____ Date: _____, 2023
Theo E.M. Gould
Matthew J. Hank
Paul C. Lantis
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102